Sarah P. BRIGGS

v.

ZOTOS INTERNATIONAL, INC.

Civ. A. No. 232–71–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 10, 1973.

Emanuel Emroch, Richmond, Va., Harold L. Townsend, Emporia, Va., for plaintiff.

G. Kenneth Miller, May, Garrett & Miller, Richmond, Va., Joseph E. Soffey, Mineola, N. Y., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Sarah Briggs has moved the Court to set aside a jury verdict against her and to grant her a new trial. Jurisdiction over this products-liability action was initially attained by virtue of diversity jurisdiction, 28 U.S.C. § 1332. Respective counsel have extensively briefed the issues raised by plaintiff's motion, and it is upon same, and the record before it, that the Court deems this matter ripe for disposition.

For purposes of this motion, the facts are as follows:

Miss Briggs alleged that on July 29, 1969, a licensed beautician, Mrs. Ruby Southall, allowed some Zotos Formula 1 Lanolin Bath lanolized waving lotion (hereinafter "waving lotion") manufactured by the defendant, to enter her right eye while she was being given a permanent wave at Mrs. Southall's beauty shop. Mrs. Southall bathed the eye thereafter with a wet towel and Miss Briggs, although in pain, made no further complaint for the duration of the two hour process. The pain continued and, medical diagnosis shortly proved, the cause of same was a glaucoma that had developed. Miss Briggs was later operated upon for relief of the glaucoma, but since that time a cataract developed further impairing her vision.

Miss Briggs alleged that the waving lotion caused the glaucoma. She in essence claimed liability of the defendant therefor by reason of its alleged failure to adequately warn users that the formula could and would cause serious injury to the eyes and to warn what to do if the lotion did enter the eyes.[1]

This action came to trial before a jury on October 11, 1972, and resulted in a verdict for the defendant. Plaintiff's present motion is grounded upon several alleged errors of the Court with respect to evidentiary matters and contents of the jury charge. The issues raised will be dealt with in turn.

### Contributory Negligence

Miss Briggs complains that the Court erred in instructing the jury that contributory negligence on her part would prevent her recovery. The specific language in question reads as follows:

The Court tells you that if you believe from a preponderance of the evidence that the defendant was negligent and that such negligence was a proximate cause of the accident, and if you further believe from the evidence that

---

1. Other claims were presented with respect to an alleged breach of merchantability.

the plaintiff was also negligent and, that is, that she failed to act as a reasonably prudent person would have acted under similar circumstances, and that any such negligence on the part of the plaintiff proximately contributed to cause the accident, then your verdict would be in favor of the defendant. For the law does not undertake to apportion or balance the negligence of the parties where both are at fault in order to ascertain which one is most at fault, but the plaintiff is barred from recovering if she were guilty of any negligence which proximately contributed to cause the accident.

Plaintiff objects that reference to contributory negligence is improper as "the gravamen of the plaintiff's case is the failure of the defendant to warn of the hazards inherent in the use of its product and what should be done in the event the lotion gets in the eye."

■ The general rule that contributory negligence is not in issue in failure to warn cases is based on the sound reasoning that a plaintiff cannot be held partly responsible for injuries suffered when there was no reason to suspect—by virtue of the lack of warning—the possibility of injury until too late. See Note, 41 Va.L.Rev. 145 (1955).

■ The facts in this action, however, are suggestive of more. Despite extreme pain, the plaintiff remained in the beauty salon for two more hours. She said nothing further nor demanded medical aid. On that basis, the Court concluded that the jury should be asked to determine if Miss Briggs' silence contributed to her injury, it being a question of fact whether the pain itself might reasonably be treated as a timely warning to seek medical aid.[2] The nature of Mrs. Southall's treatment of plaintiff's pain, the relationship of that treatment to the alleged lack of directions by the defendant with respect to same, and the plaintiff's silence, are proper jury matters. In essence, these are questions of proximate cause, concerning which the Court instructed:

In short the plaintiff must establish affirmatively as one of the elements of a case proof that the failure of the operator, the failure to warn the operator, resulted in a failure on the part of the operator to wash out the solution and to do those things which the evidence indicates would be a proper warning. And further that her failure was because she didn't have these warnings was the proximate cause of the plaintiff's injuries. Unless you are satisfied of that by a preponderance of the evidence then the plaintiff would not be entitled to recovery. In addition of course you must find that had the warning been given that Mrs. Southall would have exercised whatever the warning told her. And I believe all the evidence here is that if there was a warning it would have or should have been to the effect to wash out the eyes copiously and if there was still complaint to take the patron to the doctor.

(Jury Charge at 15, et seq.)

The Court concludes that it was proper for the jury to consider whether Miss Briggs' silence was an intervening cause in the injury. Spruill v. Boyle-Midway, Inc., 308 F.2d 79, 87 (4th Cir. 1962). Accordingly, plaintiff's first claim is without merit.

*Implied Warranty*

The plaintiff argues that the Court erred in refusing to give a charge ten-

2. In her reply brief plaintiff seeks to distinguish between contributory negligence and failure to mitigate injury, claiming that her silence was, if anything, the latter. This assertion is unsupported by the evidence. It is not certain that the "accident" began and ended when the waving lotion entered the eye as plaintiff now contends. Moreover, this assertion contradicts plaintiff's claim that liability emanates from the alleged failure of the defendant to properly provide instructions on how to treat a contaminated eye.

dered by her on implied warranty.[3] Miss Briggs here asserts that "Liability-Implied Warranty has been held to exist in failure to warn cases . . . the failure to warn is equated with a defect in the product."

■ As the defendant correctly states, this theory of liability, as well as several others plaintiff tendered (based on "inherently dangerous" products, "potentially dangerous" products and "secret formula" products) require in effect the same elements of proof, to-wit: the product was dangerous, the instructions were inadequate, the inadequacy of same was the proximate cause of the injuries. These elements were fully discussed at length by the Court in the portion of the charge beginning at page 12. The Court in its discretion determined that the respective charges tendered by plaintiff would be both confusing and prejudicial and here reaffirms its belief in the correctness of the exercise of that discretion.

■ Plaintiff also tendered an instruction with regard to strict liability which the Court refused to give. The Virginia Supreme Court has not yet, as plaintiff concedes, adopted the strict liability doctrine. It would have been inappropriate for this Court to set forth that doctrine to the jury, especially under the facts here presented.

Plaintiff has taken issue with several other portions of the jury charge, particularly with respect to language used.[4] The Court is satisfied, however, that the jury charge was eminently fair and concludes that for these purposes further discussion is unnecessary.

*Evidentiary Matters*

Miss Briggs further grounds her motion upon several alleged errors committed by the Court with respect to its evidentiary rulings during the course of the trial.

■ First, the plaintiff alleges that the Court erred in refusing to allow her to introduce evidence of other warnings and precautionary statements given on similar products manufactured by the defendant and other manufacturers. The Court so ruled because of plaintiff's failure to lay a proper foundation: no showing was made that the other formulae were of a close enough chemical nature so as to establish the relevance of

3. When the defendant sold the Zotos, Formula 1, Lanolin Bath lanolized waving lotion to the user of the said product, the defendant, Zotos, International, Inc., impliedly warranted that the said product was fit for its general, intended and foreseeable uses and was free from defects and was not in a defective condition.
   When a manufacturer has reason to know or anticipate that danger may result from the use of its product and such manufacturer fails to give a warning or adequate warning of or instruction relating to such a danger from the use of such product and fails to inform the user what to do in the event that the product gets in the eyes, then the said product manufactured and sold without such warning, adequate warning or instructions is in a defective condition.
   And if the jury find from a preponderance of the evidence that the defendant, Zotos, International Inc., sold the said Zotos, Formula 1, Lanolin Bath lanolized waving lotion and at the time of the sale had reason to know or anticipate that danger may result from the use of its product and if you further find that the said manufacturer failed to give a warning of such danger and that the said manufac-

turer failed to inform the user what to do in the event the product gets in the eyes, then the said product was in a defective condition and the said manufacturer breached its implied warranties, as aforesaid.
   And if the jury further find from such evidence that the said breach of implied warranties was a proximate cause of the plaintiff's injuries, then you shall find your verdict in favor of the plaintiff.

4. To-wit: (a) With respect to preponderance of the evidence, "The Court erred in instructing the jury that if they believed it is just as probable that the defendant was not guilty of any negligence as it is that it was, then they shall return their verdict in favor of the defendant." (b) With respect to preponderance, the Court erred in using the word "satisfaction" in its charge that the burden was upon the plaintiff to "prove her case to the satisfaction of the jury by a preponderance of the evidence and by evidence which was most . . . satisfactory to the minds of the jury." (c) The Court erred in overemphasizing that the plaintiff need show proximate cause.

the warnings.[5] The Court here reaffirms its belief in the correctness of that ruling.

■ Second, plaintiff argues that the Court erred in not allowing her to introduce standards of warning for handling of ammonia adopted by the Manufacturing Chemists Association. Here, as well, the basis of the Court's ruling was the lack of proper foundation so as to prove relevance. No showing was made with which to establish that the data sheets, which dealt with high concentration ammonia, had any particular connection to the waving solution, which defendants claimed had a low concentration of ammonia.

■ Third, plaintiff urges that the Court erred in allowing the defendant to introduce evidence of tests of dissimilar products placed in the eyes of rabbits. The tests in question compared the effects of the waving lotion, Ivory liquid detergent and Castile shampoo on rabbits' eyes. The tests showed that the waving lotion is less harmful to rabbit eyes—which are more sensitive than human eyes—than the soap products mentioned. The expert, through whom the evidence was introduced, further concluded that none of the three products would cause eye damage. To the Court's recollection, contrary to plaintiff's efforts with regard to Pentene, the test results on the soap products were grounded on a proper foundation as explicative of the nature of the rabbit test. (There is no transcript available for this portion of the trial.) Assuming, however, that said tests on the soap products were not properly introduced, the Court concludes that their introduction was not prejudicial. Plaintiff's case was, if at all, most shaken by the testimony to the effect that sensitive rabbit eyes were not damaged by the waving lotion. This portion of the testimony was clearly relevant and admissible and its weight renders plaintiff's further objection as to the soap tests moot.

■ As a fourth objection plaintiff urges error in the Court's refusal to permit the plaintiff to testify as to the failure of the defendant to list its ingredients on its packages and refusal to permit the expert to testify as to the damage to human hair from the use of the waving lotion. The Court recalls neither tender of evidence but absent a transcript reasonably concludes now that the Court so ruled because of a failure of a showing of relevance.

■ Plaintiff's final argument is that the Court erred in permitting cross-examination of an expert upon an article with which he was not familiar. The United States Supreme Court has expressly permitted cross-examination of expert witnesses upon reputable authorities in Reilly v. Pinkus, 338 U.S. 269, 275, 70 S.Ct. 110, 94 L.Ed. 63 (1949). Plaintiff cites Lawrence v. Nutter, 203 F.2d 540 (4th Cir. 1953) for the proposition that cross-examination must be restricted to only those professional works with which the expert is familiar. The Court reads that opinion as merely supplying the converse rule: it is proper to cross-examine an expert witness on reputable authorities with which he is familiar. In view of the broad rule of *Reilly* and the Proposed Federal Rules of Evidence, 803(18), 56 F.R.D. 183, 302, 317, which explicitly permits this type of testimony, the Court concludes that plaintiff's argument is without merit.

As a final matter, plaintiff urges that the jury verdict was contrary to law and the evidence. Without further discussion, the Court finds this argument to be totally without merit.

For the reasons assigned, plaintiff's motion shall be denied.

An order shall issue.

---

5. Plaintiff here argues that one product, Pentene, contained the same ingredients of free ammonia and ammonium thioglycolate, two substances alleged to be harmful in the waving solution. Assuming that plaintiff tendered proof of same—and, absent a transcript the Court is unable to recall whether such proof was tendered —a further showing that Pentene did not contain other chemicals of a dangerous nature which prompted the warnings on Pentene packaging, would be necessary.