884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pamela Denise GARY, Plaintiff-Appellant,
v.
PROFESSIONAL DIVISION, ALBERTO CULVER COMPANY, a/k/a t/a
Alberto-Culver, Defendant-Appellee.
 No. 87-3863.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1989.
Decided Aug. 17, 1989.
 
 Pamela Denise Gary, appellant pro se.
 John Franklin, III, Taylor & Walker, PC, for appellee.
 Before PHILLIPS, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pamela Denise Gary appealed in forma pauperis from a jury verdict in favor of Alberto-Culver in Gary's product liability suit. In a prior opinion in this appeal, we ordered prepared at government expense portions of the transcript of the jury trial necessary to resolve issues pressed by Gary on appeal. Gary v. Professional Division, Alberto-Culver Co., No. 87-3863 (4th Cir. Nov. 23, 1988) (unpublished). Those transcripts have now been prepared and the parties have been afforded an opportunity to file supplemental briefs. Upon review of the record and argument before the Court, we affirm the judgment below.
 
 
 2
 Preparation of portions of the trial transcript was ordered to resolve three evidentiary claims raised by Gary in support of her transcript request--that the district court erroneously excluded (1) evidence of prior burn injuries by users of TCB, (2) evidence that similar products carried warnings, and (3) evidence of flammability tests conducted by Gary's chemical expert. As to the first claim, the transcripts do not reveal any attempt on the part of Gary's counsel to adduce evidence of prior burn injuries suffered by TCB users. Gary has not reasserted this claim in her brief filed after preparation of the transcripts and has not pointed to any untranscribed portion of the trial during which this evidence was improperly excluded. We thus can find no reversible error on this claim. As to the second claim, the transcripts reveal that Gary failed to present evidence of the chemical composition of the hair products which did carry warnings, and so failed to lay an adequate foundation for evidence of industry practice with respect to flammability warnings. See Briggs v. Zotos International, 357 F.Supp. 89 (E.D.Va.1973). With respect to the third claim the transcripts show that Gary's chemical expert was able to testify without limitation regarding the flammability studies he conducted on TCB and regarding his opinion as to the flammability of that product and its contribution to Gary's injuries. Although he was not permitted to testify that in his expert opinion the product required a warning, his opinion was based on common sense rather than any expertise or knowledge regarding the need for or use of warnings. Thus, the district court did not abuse its discretion in finding the opinion inadmissible under Fed.R.Evid. 702. See United States v. Portsmouth Paving Corp., 694 F.2d 312, 323-24 (4th Cir.1982).
 
 
 3
 Gary has additionally asserted since preparation of the partial transcript that the jury's verdict was contrary to the evidence and that her attorney failed to present all available evidence. However, in denying Gary's motion for judgment notwithstanding the verdict, the district court summarized the evidence as showing that it was Gary's hair, and not the TCB, that caught fire. That court could not say, and we cannot say on review, that viewed in the light most favorable to Alberto-Culver, the evidence would allow only one reasonable verdict--in favor of Gary. See Foster v. Tandy Corp., 828 F.2d 1052, 1055 (4th Cir.1987). Gary's complaint that her attorney failed to present all available evidence would afford no basis for setting aside the jury's verdict. See Sanchez v. United States Postal Service, 785 F.2d 1236 (5th Cir.1986).
 
 
 4
 The judgment in favor of Alberto-Culver is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.