**Frederick Allen NOBLE,
Petitioner–Appellant,**

v.

**Talmadge L. BARNETT, Respondent–
Appellee.**

**No. 93–6274.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 10, 1994.

Decided May 12, 1994.

**ARGUED:** James Phillip Griffin, Jr., North Carolina Prisoner Legal Services, Inc., Raleigh, NC, for appellant. Clarence Joe DelForge, III, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, NC, for appellee. **ON BRIEF:** Michael F. Easley, Atty. Gen. of South Carolina, North Carolina Dept. of Justice, Raleigh, NC, for appellee.

Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. District Judge ELLIS wrote the opinion, in which Judge PHILLIPS and Senior Judge BUTZNER joined.

## 584

## OPINION

ELLIS, District Judge:

This is an appeal from the district court's dismissal of a petition for a writ of habeas corpus on grounds of abuse of the writ. The writ at issue, appellant's third, raises claims of (1) incompetency to stand trial and (2) ineffective assistance of counsel due to counsel's failure to raise the incompetency issue at trial. Because we find that appellant's third writ constitutes an abuse of the writ, we affirm the district court's dismissal of the petition.

### I.

Appellant, Frederick Noble, is a North Carolina state prisoner serving a sentence of life imprisonment following his conviction in 1982 on one count of first-degree sexual offense and one count of second-degree sexual offense. In 1979, Noble was diagnosed as suffering from chronic paranoid schizophrenia. He was treated in a Veterans Administration hospital from January 28, 1982 to February 17, 1982. At the time of his discharge, he was on a daily regimen of medication, including Haldol, Thorazine, and Cogentin. Four weeks after leaving the hospital, Noble was tried on two sexual offense charges arising from acts committed prior to his hospitalization. Although Noble informed his counsel of his mental illness, counsel did not raise incompetence to stand trial or insanity as defenses. A jury convicted Noble of both sexual offense counts, following which Noble's trial counsel noted a timely appeal. Noble then retained a second attorney for the purpose of mounting a collateral attack on his conviction. For reasons not disclosed in the record, neither of Noble's attorneys pursued Noble's direct appeal, which was ultimately dismissed for failure to prosecute. After the dismissal, Noble's second attorney filed a petition for writ of certiorari in the Supreme Court of North Carolina, asserting that Noble's direct appeal

should be heard. This petition was denied. Noble then filed, *pro se,* a second motion for relief in the Cumberland County Superior Court alleging that the evidence adduced at trial was insufficient to support the verdict and that the trial court did not properly take Noble's mental state into consideration. This motion was also denied.

Thereafter, Noble filed his first petition for federal habeas relief alleging that the North Carolina Supreme Court should have granted a petition for a writ of certiorari to review the trial court's dismissal of Noble's appeal. Before the district court ruled on this initial habeas petition, Noble filed a motion to dismiss the petition without prejudice so he could exhaust his state remedies with respect to a claim that his attorney was ineffective. The district court denied the motion and dismissed the petition for failure to state a claim for habeas relief. On direct review, a circuit panel upheld the district court's dismissal. In addition, the panel noted that because "Noble was sincerely unaware of a potential ineffective assistance of counsel claim, a successive petition for habeas corpus relief raised on this ground should not be dismissed under Rule 9(b), Rules Following 28 U.S.C. § 2254." *Noble v. Rice,* No. 84–6380 [751 F.3d 379 (Table) ] (4th Cir. Dec. 19, 1984) (unpublished).

On June 15, 1988, Noble filed his second petition for federal habeas relief. This petition asserted eight claims: (1) unconstitutionally insufficient evidence; (2) ineffective assistance of counsel; (3) procedurally incorrect and excessive sentence; (4) knowing use of perjured testimony; (5) denial of right to appeal; (6) imprisonment based upon a dismissed charge; (7) denial of fair trial by an impartial judge and unprejudiced jury; and (8) denial of due process and equal protection. Significant for the purposes of this appeal is Noble's failure in this second petition to assert ineffective assistance of counsel on the basis of his counsel's failure to raise the incompetency issue.[1]

---

1. The ineffective assistance of counsel claim was based on the following grounds: (1) Noble's trial counsel failed to perfect the appeal; (2) Noble's certiorari petition was not the equivalent of or a substitute for an appeal; (3) the certiorari petition was unprofessionally drafted, omitting a ple-

thora of vital claims; (4) trial counsel failed to object to imposition of the maximum forty year sentence for the second-degree sexual offense; (5) appellate counsel failed to raise certain claims in the certiorari petition; and (6) trial

On April 13, 1988, before the filing of any responsive pleading, Noble submitted a motion to amend the petition. In this motion, he sought to add four affidavits to the record, one of which was his own. His affidavit included a description of the medication he was taking at the time of trial, as well as a statement that his trial attorney had failed to review his Veterans Administration Hospital records. On September 14, 1988, a magistrate judge ordered an evidentiary hearing on the issue of ineffective assistance of counsel and appointed an attorney to represent Noble. Following this hearing, Noble's second petition for writ of habeas corpus was dismissed.

The instant petition, Noble's third, was filed on January 15, 1992, following Noble's exhaustion of state remedies. In this petition, Noble claims that he was incompetent to stand trial and that he received ineffective assistance of counsel owing to his counsel's failure to raise the incompetency issue at trial. The district court dismissed Noble's third petition on grounds of abuse of the writ, and Noble appeals.

## II.

The question presented is whether Noble has run afoul of the abuse of the writ doctrine by filing three successive writs. This doctrine, which now finds expression in statute [2] and rule [3], developed in the common law to address the problem of successive writ petitions. *See McClesky v. Zant*, 499 U.S. 467, 478–481, 111 S.Ct. 1454, 1461–63, 113 L.Ed.2d 517 (1991) (detailing the evolution of the common law abuse of the writ doctrine and listing appropriate cases). In essence, the doctrine mandates dismissal of claims

presented in habeas petitions if the claims were raised, or could have been raised, in an earlier petition. Thus, the doctrine "encourages petitioners to present their claims simultaneously for resolution, rather than fragmenting grounds for collateral relief or advancing endless permutations of the same themes." *Miller v. Bordenkircher*, 764 F.2d 245, 248 (4th Cir.1985). The doctrine's rationale is rooted in the limited resources available in the federal judicial system. As we observed in *Miller*: "In this crowded courtscape, federal judges cannot be all things to all people. Rule 9 commands that successive petitions must, of necessity, accommodate the needs of first-time litigants lest the search for justice for all become satisfactory justice for too few ... [and lest] the multitude of baseless and repetitive petitions ... drown out solitary claims of merit." *Id.*

*McClesky* prescribes the principles that govern abuse of the writ claims. First, *McClesky* makes clear that abuse of the writ is not confined to instances where litigants deliberately abandon claims; it also applies to instances where litigants, through inexcusable neglect, fail to raise available claims. *McClesky*, 499 U.S. at 489–90, 111 S.Ct. at 1467–68. Equally clear from *McClesky* is that the standard for excusing a failure to raise an available claim in the abuse of writ context is substantially the same as that required in procedural default cases, namely a showing of cause and prejudice. *Id.* at 493, 111 S.Ct. at 1469–70. To show cause in a procedural default case, the petitioner must prove that " 'some objective factor external to the defense impeded counsel's efforts' to raise the claim...." *Id.* at 493–494, 111

---

counsel failed to object to the use of perjured testimony.

**2.** 28 U.S.C. § 2244 sets out the rule that:
No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person ... if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

**3.** Rule 9(b) of the Rules Governing Habeas Corpus Proceedings, promulgated in 1976, also addresses the issue of new grounds for relief raised in subsequent petitions. It reads:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254 Rule 9(b).

S.Ct. at 1469–70 (*citing Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645). In the abuse of the writ context, "[f]or cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McClesky*, 499 U.S. at 497, 111 S.Ct. at 1472. *McClesky* further notes that the "[a]buse of the writ doctrine examines *petitioner's* conduct: the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *Id.* at 498, 111 S.Ct. at 1472 (citations omitted).[4] Once petitioner has established cause, he must next establish " 'actual prejudice' resulting from the errors of which he complains." *Id.* at 494, 106 S.Ct. at 2648 (*citing United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)).[5] To demonstrate prejudice, a petitioner must show "actual prejudice" amounting to a denial of fundamental fairness. *McClesky*, 499 U.S. at 494, 111 S.Ct. at 1470; *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.1991).

### III.

■ Application of these principles to the case at bar compels the conclusion that petitioner does not meet the "cause and prejudice" standard. McClesky's third petition, the writ at issue, raises two claims: (1) that Noble was incompetent to stand trial and (2) that Noble received ineffective assistance of counsel owing to his counsel's failure to raise the incompetency issue. Noble had full knowledge of the facts central to each of

these claims at the time that he filed his second petition for a writ of habeas corpus. Significantly, he has produced no evidence that any objective factors prevented him from raising in his second petition either of the claims presented in his third petition. It follows, therefore, that Noble cannot demonstrate the requisite "cause" to explain or excuse his failure to raise the claims in the first two petitions. Consequently, Noble is barred under *McClesky* from raising these claims in his third petition. Because these claims constitute Noble's entire third petition, the district court appropriately dismissed the petition.

### IV.

Seeking to avoid this result, Noble argues that abuse of writ principles do not apply here because the incompetency and ineffective assistance claims were raised in his second petition, but the district court failed to address them. More specifically, Noble contends that he raised claims of incompetency to stand trial and ineffective assistance of counsel for failure to raise the incompetency issue when, in his motion to amend his second federal habeas petition, he requested that four affidavits be submitted as evidence. These affidavits, Noble points out, contained statements that he was taking medication that made him sleepy during his trial and that trial counsel failed to review the Veterans Administration records of his mental condition. Because these statements were not presented as new claims, but rather as evidence supporting the claims already set forth in the second habeas petition, they were not addressed as new or additional claims by the

---

4. This focus on petitioner's conduct, as opposed to counsel's conduct, explains why some factors constituting "cause" in the procedural default context may not constitute "cause" in the abuse of the writ context. For example, constitutionally ineffective assistance of counsel is cause *per se* in the procedural default context, *see Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (discussing Sixth Amendment concerns surrounding persons facing incarceration without adequate legal assistance); but in the abuse of the writ context, "attorney error in an initial habeas proceeding cannot serve as cause to review subsequent petitions." *United States v. MacDonald*, 966 F.2d 854, 859 n. 9 (4th

Cir.1992) (noting that because prisoners have no right to counsel in collateral proceedings, a Sixth Amendment ineffective assistance of counsel claim cannot be sustained).

5. Of course, the cause and prejudice standard need not be met in cases where a "fundamental miscarriage of justice" would otherwise occur. But this occurs only in a very narrow realm of cases where a constitutional violation may have resulted in the conviction of an innocent person. *McClesky*, 499 U.S. at 494, 111 S.Ct. at 1470. Noble makes no contention that this is such a case; he makes no claim here of actual innocence.

district court. Noble, however, citing Rule 15(a), of the Fed.R.Civ.P., argues that a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed and that, under this Rule, Noble's second habeas petition should be deemed to include claims regarding his mental capacity to stand trial and ineffective assistance of counsel for failure to raise the incompetency issue.[6]

Assuming, without deciding, that Noble's second petition was effectively amended, his argument still fails. To begin with, Noble has produced no evidence that any objective factor prevented him from raising his incompetency claim in his first federal habeas petition. Prior to the filing of his first federal petition, Noble raised the incompetency claim in a collateral attack on his conviction by way of an application for relief from the Cumberland County Superior Court. Because Noble is unable to establish the requisite "cause" to explain his failure to raise this claim in his first federal petition, the question whether Noble raised the incompetency claim in his second petition becomes moot. Even if Noble's amendment of his second petition is construed as including the incompetency claim, this claim in his second petition would have been barred under the abuse of the writ doctrine. Accordingly, the district court's dismissal of Noble's incompetency claim in his third petition on abuse of the writ grounds was proper.

Noble's claim of ineffective assistance of counsel for failure to raise the issue of incompetency stands on slightly different ground. The Fourth Circuit, in its order affirming the dismissal of Noble's first petition, explicitly granted him leave to raise his ineffective assistance of counsel claim in his second petition. Therefore, if Noble's second petition was effectively amended to include his ineffective assistance of counsel claim for failure to raise the incompetency issue, this claim in his second petition would not be barred under the abuse of the writ doctrine. Nevertheless, this claim is now barred because Noble failed to adequately pursue it.

Authority, both venerable and recent, makes clear that failure to properly develop a claim in an evidentiary hearing bars a petitioner from later raising the claim. In *Wong Doo v. United States*, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924), the prisoner filed an application for habeas corpus which set forth two grounds in support of his position. At a subsequent hearing, the petitioner presented evidence on only one of the two grounds. Relief was denied and the denial affirmed by the Circuit Court of Appeals. When the prisoner filed a second application for habeas relief relying solely on the second ground, relief was denied and upheld by the Supreme Court on abuse of the writ grounds. Nearly seventy years later, the Supreme Court reached a similar conclusion in *Keeney v. Tamayo–Reyes*, — U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). In *Keeney*, the Supreme Court held that a cause and prejudice standard is the appropriate standard for excusing a habeas petitioner's failure to develop a material fact in state-court proceedings.

In this case, Noble was given an evidentiary hearing at the time of his second habeas petition. At this hearing, Noble, who was represented by counsel, had an opportunity to present evidence in support of his claim of ineffective assistance of counsel. Yet significantly, he failed to present evidence of his counsel's failure to raise the incompetency claim. Accordingly, under *Wong Doo* and *Keeney*, Noble is now procedurally barred from reasserting these claims.

## V.

Finally, Noble contends that the abuse of the writ doctrine has no application here because a claim of incompetency to stand trial can never be forfeited. In support, Noble cites *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), which holds that the concept of waiver does not operate where the person alleged to have made a waiver is incompetent. As noted in *Pate*, "it is contradictory to argue that a defendant may be incompetent, and yet

---

**6.** Also relevant, although not cited by Noble, is the rule that *pro se* complaints, however unskillfully pleaded, must be liberally construed. *See* *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (*citing Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Pate*, 383 U.S. at 384, 86 S.Ct. at 841. Similarly, Noble argues that it is contradictory to apply the abuse of the writ doctrine here given his claim of incompetency.

■ The flaw in this argument is that the abuse of the writ doctrine has nothing to do with the doctrine of waiver. The doctrines have different foci and address different interests. Unlike waiver, abuse of the writ focuses not on a party's state of mind, but rather on a petitioner's objective conduct. Also unlike waiver, abuse of the writ addresses not whether conduct is knowing and voluntary, but rather the interests of judicial economy and justice for all by limiting petitioners, in certain circumstances, to one bite of the habeas apple. In sum, *Pate* and its rationale are inapposite in the abuse of the writ context. In appropriate circumstances, as here, the abuse of the writ doctrine effectively bars a claim of incompetency to stand trial asserted in successive writs for habeas relief.[7]

In summary, because Noble fails to establish cause and prejudice for his failure to raise or develop his claims of incompetency at trial and ineffective assistance of counsel for failure to raise the issue of incompetency in his earlier habeas proceeding, his third writ for habeas corpus constitutes an abuse of the writ. Accordingly, the district court's dismissal of the writ is

*AFFIRMED.*

---

**7.** This conclusion finds support in the settled precedent of this circuit and elsewhere. *See Clanton v. Muncey,* 845 F.2d 1238, 1240–41 (4th Cir.1988) (claim of incompetency at trial raised in petitioner's second writ for habeas corpus was dismissed on abuse of the writ grounds); *Sawyer v. Whitley,* 945 F.2d 812, 823–24 (5th Cir.1991) (same).