UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIA E. DELANEY,
<u>Plaintiff-Appellant,</u>

v.

THE CITY OF HAMPTON, VIRGINIA, A
Municipal Corporation; ARTHUR

No. 97-2393

PARKER, Individually and in his
capacity as Senior Public Works
Foreman for the City of Hampton,
Department of Public
Works/Operations,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CA-96-90-2)

Submitted: January 27, 1998

Decided: February 11, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Patricia E. Delaney, Appellant Pro Se. Stanley Graves Barr, Jr., Stephen Edward Noona, Richard Mark Feathers, Ashley Lionel Taylor,

Jr., KAUFMAN & CANOLES, Norfolk, Virginia; Arthur Parker, GREENSVILLE CORRECTIONAL CENTER, Jarratt, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia Delaney appeals the district court judgment dismissing her claims against the City of Hampton, Virginia, and Arthur Parker under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2000e-17 (West 1994 & Supp. 1997). Delaney filed suit after Parker allegedly sexually assaulted her while both were working for the City of Hampton's Department of Public Works. Following a jury trial, the district court dismissed Delaney's claims against the City pursuant to a jury verdict and dismissed Delaney's claims against Parker as a matter of law. We affirm.

Delaney's brief expresses her dissatisfaction with the outcome of her trial but assigns no legal error to the proceedings below. Although this court liberally construes the claims of pro se litigants,[1] our review is limited to those claims discernible from Delaney's informal brief.[2] Delaney's primary claim is that her attorney provided ineffective assistance of counsel. However, because counsel was not constitutionally mandated in this civil action, even if counsel was ineffective, this is not grounds for reversal. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986). Her remedy, if any, is to bring a legal malpractice action. Id.

_____

[1] **See generally Haines v. Kerner** , 404 U.S. 519, 520 (1972); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

[2] **See** 4th Cir. Local R. 34(b).

2

Delaney also questions why counsel allowed a witness for the City, Diane Bohlman, to sit with the City's attorney when witnesses were supposed to be excluded. This apparent expression of dissatisfaction with her counsel's performance is not a ground for reversal. Moreover, under Fed. R. Evid. 615, a non-natural party may designate a representative who is not subject to a party request for the exclusion of witnesses. The City of Hampton states that it designated Bohlman as its representative at trial which would explain why she was not excluded.

Finding no merit to Delaney's claims, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3