**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7660

ELISHA RIGGLEMAN,

Petitioner - Appellant,

versus

STATE OF WEST VIRGINIA DEPARTMENT OF
CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CA-04-80-2-REM)

Submitted:  March 20, 2006          Decided:  April 5, 2006

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Elisha Riggleman, Appellant Pro Se.  Dawn Ellen Warfield, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Elisha Riggleman filed a motion in the district court using the form for filing a motion for authorization under 28 U.S.C. § 2244 (2000) to file a second or successive 28 U.S.C. § 2254 (2000) petition. The district court first construed the motion as a § 2254 petition and referred it to a magistrate judge, who recommended the filing be construed as a motion under § 2244 seeking authorization to file a second or successive § 2254 petition because Riggleman did not state any grounds for relief. The magistrate judge further recommended that the § 2244 motion be denied because Riggleman's first § 2254 petition was dismissed as premature and Riggleman therefore did not need authorization to file a successive § 2254 petition. After receiving Riggleman's objections, the district court adopted the magistrate judge's recommendations, construed the filing as a § 2244 motion and denied the motion for authorization. Riggleman filed a notice of appeal.

Because courts must liberally construe pro se filings, we find Riggleman's filing should have been construed as a § 2254 petition. Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Because Riggleman did not use the proper form, there was no section to state the asserted grounds for relief. However, in his filing, Riggleman referred to the attached state court petition for appeal in response to the question regarding the state court grounds for relief. It appears from his objections to the magistrate judge's

report and recommendation that he referred the court to the grounds asserted in his state court habeas corpus proceeding. We think the better course of action would have been to construe the filing as a § 2254 petition.[1]

Accordingly, we vacate the district court's order and remand with instructions that Riggleman's filing be construed as a § 2254 petition. The court may decide to provide Riggleman with the form for filing § 2254 petitions. If Riggleman submits the form, it should be construed as an amended § 2254 petition and, insofar as the grounds for relief relate back to the grounds raised in the state petition he attached to his original filing, the petition should be considered filed for purposes of the one year limitations rule in § 2254 proceedings as of the filing date of the original § 2254 petition.[2] See Mayle v. Felix, 125 S. Ct. 2562, 2570-71 (2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

[1]Even if the district court correctly construed the filing as a § 2244 motion, it should have been transferred to this court. A motion seeking authorization should be filed in the court of appeals. The motion "shall be determined by a three-judge panel of the court of appeals." § 2244(b)(3)(B). Thus, the district court was without jurisdiction to consider a § 2244 motion for authorization.

[2]We have no opinion as to the timeliness or merits of the § 2254 petition.