**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6628

CHARLES ROBERT BAREFOOT, JR.,

Plaintiff - Appellant,

versus

MARVIN POLK; DCC BOARD; CHAPLAIN MONTGOMERY;
HAROLD SMALLS; RONNIE RAYNOR; BOYD BENNETT;
UNKNOWN DEFENDANTS; HELEN MALEAEL; LIEUTENANT
BYNUM; SERGEANT CROSBY; LIEUTENANT CLAYBURN;
CAPTAIN THOMAS; HATTIE PIMPONG; OFFICER
CLAYTON; OFFICER JAMES; OFFICER HARRIS;
OFFICER AVERY; SERGEANT PANTER,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. James C. Dever III,
District Judge. (5:07-cv-03029-D)

Submitted: June 27, 2007          Decided: July 13, 2007

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Charles Robert Barefoot, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Robert Barefoot, Jr., appeals the district court order and judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. § 1915(e) (2000). Although we find Barefoot's complaint is a rambling document that is poorly executed, we find that his claims of excessive force and the denial of his right to freely exercise his religious beliefs cannot be dismissed as frivolous. Accordingly, we vacate the district court's order and judgment and remand for further proceedings.

Pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519 (1972); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see also 28 U.S.C. §§ 1915(e)(2)(B), 1915A (2000) (outlining screening process for indigent or prisoner complaints). We review a district court's dismissal of a claim as frivolous for abuse of discretion. Nagy v. FMC Butner, 376 F.3d 252, 254-55 & n.* (4th Cir. 2004).

In his complaint, Barefoot claimed that one of the named defendants had a group of eight to ten African American men assault him by hitting him with night sticks, kicking him in the groin and

punching his face.  Barefoot alleged the assault was in retaliation for him having been a Klu Klux Klan supporter.  We find that this claim of excessive force or cruel and unusual punishment depending on whether Barefoot was a pretrial detainee or a prison inmate is not frivolous.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).  The due process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983).

Barefoot also claims that he was forcibly given a PPD injection to screen for tuberculosis despite the fact that his religious beliefs forbid the injections of foreign substances and that he was denied the right to possess a cross and to practice his religion as others are able to do.  We also find that this is not a frivolous claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C.A. § 2000c et seq. (West 2003 & Supp. 2007).  See, e.g., Jolly v. Coughlin, 76 F.3d 468, 476 (2d Cir. 1996).

Accordingly, we vacate the district court's judgment and remand for further proceedings.[*]  We dispense with oral argument

---

[*]We note that Barefoot fails to allege anything against most of the named defendants.  The district court may want to direct Barefoot to file an amended complaint specifying allegations against each defendant.

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED