**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-6823**

─────────────

DEMETRIUS HILL,

        Plaintiff – Appellant,

       v.

TERRY O'BRIEN, Warden; MR. STRICKLAND, Associate Warden; MR. WILSON, Captain; LIEUTENANT STIGER; NURSE MEADE; DOCTOR ALLRED; DOCTOR ROFF, Health Administrator,

        Defendants – Appellees,

      and

COUNSELOR PULIVAR; COUNSELOR MULLINS; MS. HALL, Case Manager; CORRECTIONAL OFFICER TAYLOR,

        Defendants.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:08-cv-00283-jct-mfu)

─────────────

Submitted: June 30, 2010        Decided: July 12, 2010

─────────────

Before TRAXLER, Chief Judge, NIEMEYER, and GREGORY, Circuit Judges.

─────────────

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

─────────────

Demetrius Hill, Appellant Pro Se.  Thomas Linn Eckert, Assistant
United States Attorney, Roanoke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2008, Demetrius Hill, a federal inmate incarcerated during the relevant period at United States Penitentiary Lee ("USP Lee"), filed a civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging various prison officials at USP Lee used excessive force against him, subjected him to cruel and unusual conditions of confinement, retaliated against him, obstructed his ability to file administrative grievances, and denied him adequate medical care, in violation of his constitutional rights. Upon conducting an initial screening under 28 U.S.C. § 1915A (2006), the district court dismissed for failure to state a claim all but one of Hill's excessive force claims and his medical indifference claims. By subsequent order, the district court granted summary judgment to Defendants on the remaining claims. Hill appeals both orders challenging the denial of relief on his claims.

I.

Allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the

3

plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)). Courts are instructed that pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519 (1972); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). However, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A claim having no arguable basis in law or fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. §§ 1915(e)(2)(B), 1915A (2006) (outlining screening process for indigent or prisoner complaints).

This court reviews de novo a district court's dismissal for failure to state a claim pursuant to § 1915A. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (citation omitted). Pursuant to § 1915A, a district court shall dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon

4

which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b)(1).

Relying on our decision in Norman v. Taylor, 29 F.3d 1259, 1263 (4th Cir. 1994) (en banc), the district court noted that, absent the most extraordinary circumstances, an inmate cannot prevail on an excessive force claim unless he proves more than de minimis pain or injury. Finding Hill failed to show more than de minimis injury, the district court dismissed two of Hill's excessive force claims for failure to state a claim upon which relief may be granted. In Wilkins v. Gaddy, 130 S. Ct. 1175 (2010), the Supreme Court recently overruled Norman and clarified that the extent of any resulting injury, while material to the question of damages and informative as to the likely degree of force applied, is not in and of itself a threshold requirement for proving this type of Eighth Amendment claim. 130 S. Ct. at 1175. In doing so, the Court expressly rejected the theory that lower courts may dismiss such claims based solely on the de minimis nature of the resulting injury. Id. at 1177-78. The Court emphasized that, "[t]he 'core judicial inquiry' . . . is not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). In other words,

5

because "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action," a de minimis application of force will not result in a constitutional violation. Hudson, 503 U.S. at 9; see also Wilkins, 130 S. Ct. at 1177-78 ("An inmate who complains of a push or a shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (internal quotation marks omitted). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is de minimis. Wilkins, 130 S. Ct. at 1180.

Because the district court did not have the benefit of the Wilkins decision, we vacate the district court's judgment dismissing Hill's excessive force claims for failure to state a claim and remand to the district court for consideration of Hill's claims in light of Wilkins. We affirm, however, the district court's dismissal under § 1915A of Hill's other claims for the reasons stated by the district court.

## II.

In ruling on Defendants' motion for summary judgment, the district court concluded that Hill failed to exhaust his administrative remedies with respect to his medical indifference claims, i.e., that he received inadequate medical care on November 1, 2007, and that USP Lee provided insufficient

6

treatment of his asthma condition on a day-to-day basis. The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust available administrative remedies prior to filing an action challenging his conditions of confinement. 42 U.S.C. § 1997e(a) (2006); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (discussing "availability" of remedies). "[T]he PLRA's exhaustion requirement is mandatory," Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Pursuant to § 1997e(a), the exhaustion requirement is applicable to Bivens claims. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).

This court reviews a district court's order granting summary judgment de novo.* Jennings v. Univ. of N.C., 482 F.3d

---

\* Defendants' motion was styled "Motion to Dismiss or in the Alternative Motion for Summary Judgment." However, Hill received notice pursuant to Roseboro v. Garrison, 528 F.2d 309, (Continued)

7

686, 694 (4th Cir. 2007). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because the prison employees bear the burden on exhaustion in this case, see Bennette, 517 F.3d at 725, they must show that the evidence is so one-sided that no reasonable factfinder could find that Hill was prevented from exhausting his administrative remedies. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of some factual dispute; rather, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. at 248. Indeed, to withstand a

---

310 (4th Cir. 1975), of his right to file material responsive to the Defendants' dispositive motion. Hill availed himself of this opportunity, and because the district court considered materials other than the complaint, the district court's order is best deemed a grant of summary judgment. See Fed. R. Civ. P. 56(c).

8

motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e)(2); see Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-moving party's] case.") (citation omitted).

Hill does not contest that he failed to exhaust his administrative remedies with respect to the incidents giving rise to his medical indifference claims. Rather, he argues Defendants hindered his ability to exhaust his administrative remedies. In support of their motion for summary judgment based on Hill's failure to exhaust administrative remedies, Defendants submitted an affidavit from Sharon Wahl, a paralegal with the Bureau of Prisons, who noted that Hill has filed 229 administrative remedies since his incarceration and fourteen of those related to his confinement at USP Lee. Defendants further argued that Hill's assertions that he was denied forms or that the forms were destroyed were nothing more than self-serving statements. In fact, they pointed to Hill's administrative remedy history as proof that Hill's assertions that his access to the administrative remedy process has been obstructed is belied by the record.

In response to Defendants' motion for summary judgment, Hill responded that his assigned counselor often failed to do his rounds and failed to give him the proper grievance forms in some cases and that, in other cases, Hill was informed that he could only file one remedy form at a time and was then required to wait for a response before another could be filed. As he noted in his complaint, Hill maintained he was only able to exhaust some remedies because his assigned counselor was on vacation and another counselor acting in his capacity provided some forms.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Thus, "when prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); see also Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2006) (holding that, because Dole properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that Dole failed to exhaust his administrative remedies); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that district court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked available

10

administrative remedies, because prison employees refused to provide him with the necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (stating administrative remedy rendered unavailable when prison officials prevent prisoner from using it). Accordingly, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

We find there are genuine issues of material fact as to the issue of exhaustion of administrative remedies, thereby precluding summary judgment. Hill's main allegations are that he requested BP-8 forms from his counselor and that the counselor refused to provide them, destroyed them, or failed to respond to them after requiring Hill to wait until he received a response to a claim before filing a new one. There is no affidavit from Hill's counselor or the other named Defendants who allegedly obstructed Hill's administrative remedy process. See Kaba, 458 F.3d at 686 (finding affidavits of the prison officials and Kaba's other grievances and filings showed a factual dispute, requiring the factfinder to evaluate the credibility of the witnesses and other evidence in the record); see also Lewis v. Washington, 300 F.3d 829, 831-32 (7th Cir. 2002) (deemed administrative remedies exhausted when prison officials failed to respond to inmate grievances because those

11

remedies had become "unavailable"); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (same).

We further find Defendants' reliance on Hill's high-volume filings specious. First, the fact that Hill filed a large number of complaints in other prisons is irrelevant to whether his efforts to file grievances were obstructed upon his arrival at USP Lee. Second, the fact that Hill successfully filed many grievances in the past suggests that Hill is familiar with the requirements of the administrative process and is not purposefully attempting to evade them. Third, the ability to take advantage of administrative grievances is not an "either-or" proposition. See Kaba, 458 F.3d at 685 ("Sometimes grievances are clearly available; sometimes they are not; and sometimes there is a middle ground where, for example, a prisoner may only be able to file grievances on certain topics.").

We conclude Hill has sufficiently shown genuine issues of material fact as to whether Defendants hindered his ability to exhaust administrative remedies and therefore the district court erred in granting summary judgment. Accordingly, we vacate the court's judgment and remand for a determination of whether the grievance procedure was "available" to Hill within the meaning of § 1997e(a) so that he could administratively exhaust his medical claims.

12

III.

The district court also granted summary judgment to Defendants on Hill's excessive force claim based on events on November 1, 2007, in which restraints were used. In assessing Hill's claim, the district court, relying again on then-controlling Fourth Circuit law, found that Hill's injuries were de minimis and did not amount to a constitutional violation. Although the district court also found that Hill could not show that Defendants' use of force was applied maliciously and sadistically to cause harm, because the district court did not have the benefit of Wilkins at the time it rendered its decision, we vacate the district court's judgment on this excessive force claim and afford the court an opportunity to consider the claim in light of Wilkins.

Accordingly, we grant Hill's motion to remand, vacate the district court's judgments as to all of Hill's excessive force claims and remand to allow the district court an opportunity to consider the claims in light of the Supreme Court's decision in Wilkins. We further vacate the district court's judgment dismissing without prejudice Hill's medical indifference claims for failure to exhaust administrative remedies and remand for further proceedings consistent with this opinion. We affirm the district court's dismissal of Hill's

remaining claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND
REMANDED IN PART
