**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7224**

NATHAN K. COLE,

        Plaintiff – Appellant,

    v.

GREGORY L. HOLLOWAY, Regional Admin.; C. W. CARPINO, Housing Unit Mgr.; B. D. SCHUYLER, Institutional Investigator; L. WYCHE, Sergeant; J. A. GUILL, Captain/Officer In Charge; TRACY RAY, Warden; L. A. WATSON, Hearing Officer,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:15-cv-00413-LO-JFA)

Submitted: January 21, 2016      Decided: February 1, 2016

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Nathan K. Cole, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan K. Cole appeals from the district court's orders dismissing a portion of his 42 U.S.C. § 1983 (2012) complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1) (2012), and dismissing the remainder of the complaint without prejudice for failure to particularize his claims. We affirm in part and dismiss in part.

We review de novo a district court's dismissal for failure to state a claim pursuant to § 1915A. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (citation omitted). Pursuant to § 1915A, a district court shall dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)). Courts are instructed that pro se filings "however

2

unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

Dismissing Cole's claim that he was improperly charged with a disciplinary conviction and false promises were made regarding its disposition, the district court correctly noted the general legal proposition that a false disciplinary charge cannot serve as the basis for a constitutional claim. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Accordingly, we agree with the district court that Cole failed to state a claim in this regard. However, we note that there are exceptions to this rule. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (holding that a disciplinary charge may be actionable under § 1983 if retaliatory); Suprenant v. Rivas, 424 F.3d 5, 13-14 (1st Cir. 2005) (holding (in case of pre-trial detainee) that unprincipled manipulation of legitimate prison regulations, to the detriment of a prisoner, can constitute unconstitutionally arbitrary punishment). Cole did not allege a motivation behind the Defendants' alleged actions. However, if Cole could prove a set of facts showing unconstitutional retaliation or arbitrary punishment, the allegedly false disciplinary charges might support a claim for relief. Accordingly, we modify the dismissal of these claims to show it is without prejudice, and we affirm as modified.

Turning to the remainder of the dismissal, an order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066–67 (4th Cir. 1993). In Domino Sugar, we held that if "the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact" and therefore appealable. Id. at 1066 (quoting Coniston Corp. v. Vill. of Hoffman Estates, 844 F.2d 461, 463 (7th Cir. 1988)). Where a district court grants a motion to dismiss for failure to plead sufficient facts in the complaint, we lack appellate jurisdiction because the plaintiff could amend the complaint to cure the pleading deficiency. Goode v. Central VA Legal Aid Society, 807 F.3d 619, 624 (4th Cir. 2015).

Here, the district court dismissed the remainder of the complaint without prejudice. While the district court dismissed the complaint for failure to comply with a court order, the court had previously found that Cole's claims had the potential to state a claim, although his complaint currently failed to do so. Because Cole could refile an amended complaint curing the deficiencies noted by the district court, the portion of the court's judgment dismissing Cole's remaining claims is unappealable.

4

Accordingly, we grant leave to proceed in formal pauperis and affirm the district court's dismissal of Cole's "false" disciplinary charge claim but modify the order to show that the dismissal is without prejudice. As to the remainder of the district court's judgment, we dismiss for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

5