Jesse M. SANCHEZ, Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE, Defendant-Appellee.

No. 85–2296

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 21, 1986.

Jesse M. Sanchez, pro se.

Helen M. Eversberg, U.S. Atty., and Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., Wyneva Johnson and Lori J. Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., for U.S. Postal Service.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiff Jesse Sanchez appeals from a judgment entered in favor of the defendant United States Postal Service (Postal Service) in this civil rights case. Sanchez presents a single issue in his appeal: whether the alleged ineffective assistance rendered by his trial counsel entitles him to a new trial. Finding Sanchez' contention in direct contravention with established circuit precedent, we affirm.

I.

Sanchez, an employee of the Postal Service, filed this civil action pursuant to Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e–16. Sanchez alleged that the Postal Service discriminated against him on the basis of his national origin when the Postal Service did not promote him. Following a bench trial, at which a private attorney specializing in civil rights litigation represented Sanchez, the district court held that the Postal Service had articulated a legitimate, nondiscriminatory reason for Sanchez' nonselection and that Sanchez had failed to establish that the reason was merely a pretext for discrimination. The district court entered judgment in favor of the Postal Service. Sanchez then filed his pro se appeal with

this court, alleging that his trial counsel failed to provide him with effective assistance of counsel and requesting that we grant him a new trial.

## II.

 Sanchez bases his argument that his counsel denied him effective assistance of counsel on a faulty premise. Sanchez assumes that a constitutional right to effective assistance of counsel exists. Sanchez reads the sixth amendment as providing this right; however, the sixth amendment right to effective assistance of counsel does not apply to civil proceedings. *See United States v. White,* 589 F.2d 1283, 1285 n. 4 (5th Cir.1979); *United States v. Rogers,* 534 F.2d 1134 (5th Cir.), *cert. denied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976).

*White* and *Rogers,* rather than explicitly stating that a right to effective assistance of counsel does not apply in civil cases, go only as far as stating that the "stringent standards" applicable to the right to effective assistance of counsel in criminal cases do not apply in civil cases. However, a reading of the two cases reveals that the cases squarely stand for the proposition that the sixth amendment right to effective assistance of counsel does not apply in civil proceedings. In neither case did the court apply sixth amendment standards to the alleged errors of counsel. In case any doubt still exists, we now expressly hold that the sixth amendment right to effective assistance of counsel does not apply to civil litigation. *See Wolfolk v. Rivera,* 729 F.2d 1114, 1120 (7th Cir.1984); *Allen v. Barnes Hospital,* 721 F.2d 643, 644 (8th Cir.1983); *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1522–23 (11th Cir.1983).

 Since no right to effective assistance of counsel exists, we need not consider the alleged errors committed by Sanchez' attorney. If Sanchez' attorney did mishandle the case, Sanchez may have a remedy against his attorney in the form of a malpractice suit. *Watson v. Moss,* 619 F.2d 775, 776 (8th Cir.1980). Sanchez' potential cause of action against his attorney remains separate and distinct from his civil rights suit against the Postal Service; therefore, we cannot grant him any relief in this proceeding.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.