898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theresa Mulqueen SKEETER, Plaintiff-Appellant,
v.
The CITY OF NORFOLK, a Municipal Corporation; Jerome Alfred
Harrison, Individually and as Superintendent of the
Neighborhood Facilities Bureau for the City of Norfolk;
Clarence V. Cuffee, Individually and as Director of the
Department of Human Resources for the City of Norfolk,
Defendants-Appellees,
and
Katherine D. Kearney, Manager of the Huntersville
Neighborhood Facilities Bureau; George C. Crawley,
Individually and as former Director of the Department of
Human Resources and Assistant City Manager for the
Department of Human Resources for the City of Norfolk, Defendants.
 No. 88-2094.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 28, 1990.
Rehearing and Rehearing In Banc Denied March 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (C/A No. 87-131)
 Theresa Mulqueen Skeeter, appellant pro se.
 Dean Taylor Buckius, Vandeventer, Black, Meredith & Martin; Philip Richard Trapani, City Attorney, Harold Phillip Juren, Deputy City Attorney, Molly Toronski Tami, City Attorney's Office, for appellees.
 E.D.Va., 681 F.Supp. 1149.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theresa Skeeter appeals from the judgment in favor of defendants in her employment discrimination action filed under 42 U.S.C. Secs. 1981, 1983, 1985(3), 2000e-2(a)(1), and 2000e-3(a). We affirm.
 
 
 2
 The district court properly granted summary judgment on a number of claims, and we affirm that portion of the judgment for the reasons stated in the district court's opinion.[1] Skeeter v. City of Norfolk, 681 F.Supp. 1149 (E.D.Va.1987).
 
 
 3
 Skeeter's claims of retaliatory discharge went to trial--those under Secs. 1981 and 1983 against the City and two of Skeeter's former supervisors were tried to a jury, and the Title VII retaliation claim against the City was tried to the court. The court directed a verdict for the City and one of the supervisors on the Secs. 1981 and 1983 claims, and the jury found in favor of the other supervisor on those claims. The court found in favor of the City on the Title VII retaliation claim.
 
 
 4
 The court's directed verdict was based on the absence of any evidence linking the one supervisor to Skeeter's termination and the absence of any evidence showing that the City Manager acted on anything other than a subordinate's recommendation in making the decision to terminate Skeeter.[2] Upon review of the arguments presented by Skeeter on appeal, the partial transcript, and the remainder of the record, we find no indication that the evidence at trial was such that a reasonable jury could find against these defendants. See Gairola v. Virginia Dep't of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). Accordingly, we affirm the directed verdict in their favor. We likewise affirm the judge's finding in favor of the City on Skeeter's Title VII retaliation claim.
 
 
 5
 In challenging the jury verdict in favor of the other supervisor, Skeeter argues that the judge hampered her presentation of her case, that her attorneys failed to present all her evidence, and that her termination must have been retaliatory because the Virginia Employment Commission had found that her discharge was not based on misconduct such as would warrant a denial of unemployment benefits. Skeeter's complaints about the trial judge's handling of the case are too general to establish reversible error. Her dissatisfaction with her trial attorneys does not provide a basis for setting aside the judgment. See Sanchez v. United States Postal Service, 785 F.2d 1236 (5th Cir.1986). Finally, the Virginia Employment Commission's finding that Skeeter had not engaged in misconduct warranting a denial of unemployment benefits does not establish that the defendant's motive in recommending her termination was retaliatory.
 
 
 6
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Skeeter's motion for appointment of counsel is denied.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 As to Skeeter's race discrimination claims under Sec. 1981, we note that dismissal was proper because the claims do not relate to the making or enforcement of a contract. Patterson v. McLean Credit Union, 57 U.S.L.W. 4705 (U.S. June 15, 1989) (No. 87-107)
 
 
 [2]
 The Supreme Court's recent decision in Jett v. Dallas Independent School District, 57 U.S.L.W. 4858 (U.S. June 22, 1989) (No. 87-2084), makes clear that Sec. 1983 provides the enforcement mechanism for Sec. 1981 claims against state actors and that the principles of supervisory liability established under Sec. 1983 apply to such claims. See City of St. Louis v. Praprotnik, 485 U.S. 112 (1988)