940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Melvin MYERS, Plaintiff-Appellant,
v.
Jerry A. HYATT, (Supervisor), Officer Gilbert, Officer
Adams, Officer Taylor, Officer Lee, Officer
Hainsworth, Officer Woodbury, Officer
Sinkler, Defendants-Appellees.
 No. 89-7106.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1991.
Decided July 26, 1991.
As Amended Aug. 14, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Henry Michael Herlong, Jr., Magistrate Judge.
 (CA-86-2844)
 Donald Melvin Myers, appellant pro se.
 Thomas Edgar Player, Jr., Richardson, James & Player, Sumter, S.C., for appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Melvin Myers filed this action pursuant to 42 U.S.C. Sec. 1983, alleging that he was denied adequate medical care for a hip wound while he was a pre-trial detainee at the Sumter County Correctional Center. The district court dismissed the Center and granted summary judgment to the Center's supervisor, Jerry Hyatt. Myers' claims against seven correctional officers were tried before a jury, which found for the defendants. Myers appeals the jury verdict. We vacate and remand for a determination of whether the peremptory striking of blacks from the jury violated equal protection guarantees.
 
 
 2
 Myers argues on appeal that trial counsel was ineffective and that evidence of Myers' prior child molestation conviction was so inflammatory that it unduly prejudiced the jury and rendered the verdict unreliable. We find that these arguments are without merit. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir.1986); Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527 (1989).
 
 
 3
 Myers' claim that the defense unconstitutionally struck blacks from his jury requires remand for further development of the record, however. The race-based exercise of peremptory jury challenges in a civil action constitutes governmental action that violates equal protection rights both of the venire members and the litigant against whom those challenges are used. Edmonson v. Leesville Concrete Co., 59 U.S.L.W. 4574 (U.S.1991). We accordingly remand for a determination of whether a prima facie constitutional violation has been established and, if so, whether defendants can rebut the presumption by showing a neutral reason for striking blacks. See United States v. Garrison, 849 F.2d 103, 106 (4th Cir.), cert. denied, 488 U.S. 996 (1988).
 
 
 4
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.