IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40564
Summary Calendar
_____


MATTHEW C. LYLE,

                                        Plaintiff-Appellant,

versus

JOHNNY R. BEARD; RAY JOSAY,

                                        Defendants-Appellees.


---------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-92-CV-274
---------------------
February 12, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Matthew C. Lyle, Texas prisoner # 358476, proceeding pro se
and in forma pauperis (IFP), filed a civil rights lawsuit under
42 U.S.C. § 1983 against Texas Department of Criminal Justice
(TDCJ) Correction Officers Johnny R. Beard and Ray Josay.  Lyle
alleged that Beard and Josay violated his constitutional rights
by using excessive force and by filing false disciplinary charges

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against him.

After the jury denied Lyle relief, the magistrate judge certified that Lyle's appeal would not be taken in good faith. Lyle now requests leave to proceed IFP on appeal. In doing so, Lyle challenges the certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Lyle must show that his appeal presents a nonfrivolous issue. Carson v. Polly, 689 F.2d 562, 586 (5th Cir. 1982). In addition, Lyle requests appointment of counsel and preparation of the transcript at government expense.

Lyle has not challenged the denial of relief on his claim that Beard and Josay filed false disciplinary charges against him, and he has not challenged Josay's dismissal. Accordingly, these issues are abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(issues not asserted on appeal are abandoned).

Lyle contends that the magistrate judge erred in allowing the jury to decide the issue of qualified immunity, provided erroneous instructions to the jury on the issue of qualified immunity, and erred in allowing the admission of evidence of his conviction and of his witnesses' convictions. Lyle also contends that his appointed attorney provided ineffective assistance of counsel.

The magistrate judge correctly instructed the jury on "currently applicable constitutional standards" so that the jury

could make the initial determination whether Lyle established a constitutional violation.  See Rankin v. Klevenhagen, 5 F.3d 103, 105-06 (5th Cir. 1993).  The jury found that Lyle had not proven a constitutional violation and did not reach the qualified immunity issue.  The violation of TDCJ rules or regulations, without more, does not amount to a constitutional violation and does not give rise to a § 1983 cause of action.  See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).  The magistrate judge did not err in instructing the jury.  Lyle has not shown that the magistrate judge abused his discretion by admitting evidence of Lyle's and of his witnesses' convictions.  See Fed. R. Evid. 609(a)(1); see United States v. Triplett, 922 F.2d 1174, 1180 (5th Cir. 1991).  Lyle's contentions relating to ineffective assistance of counsel are frivolous.  See Sanchez v. United States Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1986)(there is no Sixth Amendment right to counsel in a civil case; a claim of ineffective assistance of counsel does not apply in civil cases).

The magistrate judge correctly determined that Lyle's appeal was not taken in good faith.  The motion for IFP is DENIED. Because Lyle has not demonstrated a nonfrivolous issue for appeal, the appeal is DISMISSED.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The motions for a transcript at government expense and for appointment of counsel are DENIED.

MOTIONS DENIED; APPEAL DISMISSED.