**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

March 3, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

———————————

No. 03-40972
(Summary Calendar)

———————————

GWENDER M STIGER,

Plaintiff-Appellant,

versus

CHRISTUS HEALTH ARK-LA-TEX, Corporation Service Company,

Defendant-Appellee.

———————————————————————————————

Appeal from the United States District Court
For the Eastern District of Texas
USDC: 5:01-CV-68

———————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Gwender Stiger, filed suit under Title VII of the 1964 Civil Rights Act, 42 U.S.C.

§ 2000e *et seq*., alleging that Appellee, Christus Health ("Christus"), intentionally discriminated based

———————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on race in failing to promote and wrongfully terminated by way of constructive discharge. After hearing testimony and weighing the evidence, a jury concluded that Stiger was not constructively discharged and that race was not a motivating factor in Christus's employment decisions. Stiger filed a motion for new trial, FED. R. CIV. P. 59, which the district court denied. Stiger now appeals.

On appeal, Stiger argues that the district court should have ordered a new trial because there was sufficient evidence of constructive discharge. "Absent a clear showing of an abuse of discretion, we will not reverse the trial court's decision to deny a new trial." *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1049 (5th Cir. 1998) (quotation omitted). Stiger must demonstrate "an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Id.* (quotations omitted). There was more than sufficient evidence to support the jury's verdict. The trial court did not abuse its discretion in refusing to order a new trial.

Stiger further contends that she received ineffective assistance of counsel. However, there is no right to effective assistance of counsel in civil proceedings. *See Sanchez v. United States Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam). Stiger also asserts that the trial court erred in its jury instructions. Because Stiger did not object to the jury instructions at trial, we review the jury instructions for plain error. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 932 (5th Cir. 1999). The trial court's instructions on constructive discharge are consistent with our precedent. *See Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 771 (5th Cir. 2001) ("A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign."). Thus, Stiger has not established error, much less plain error. Finally, Stiger argues that defense counsel committed intentional fraud. Stiger has not presented any evidence

of intentional fraud aside from her conclusory allegations.  She has identified no error which merits reversal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.