**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2334

ROBIN M. LAWLER,

Plaintiff - Appellant,

versus

AMERICAN BUILDING CONTRACTORS, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CA-03-1514-1)

Submitted: August 12, 2005          Decided: August 26, 2005

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robin M. Lawler, Appellant Pro Se. Ingo Frank Burghardt, Courtney Renee Sydnor, HUNTON & WILLIAMS, L.L.P., McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robin M. Lawler filed a complaint against her former employer, American Building Contractors, Inc. ("ABC"), claiming defamation and failure by ABC to provide Lawler with proper notice of her rights under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1168 (2000) ("ERISA"), as amended by the Consolidated Budget Reconciliation Act of 1985, 29 U.S.C. §§ 1161-69 (2000) ("COBRA"). The district court granted ABC's motion for summary judgment and denied Lawler's Fed. R. Civ. P. 59(e) motion for reconsideration. We have reviewed the record and find no reversible error.

Lawler claims the district court erred by dismissing her Rule 59(e) motion because the deposition of critical witness Chris Kulik was unavailable prior to the entry of judgment. We review the denial of a Rule 59(e) motion for an abuse of discretion. <u>Dennis v. Columbia Colleton Med. Ctr., Inc.</u>, 290 F.3d 639, 653 (4th Cir. 2002). Lawler had ample time to find Kulik before she filed her claim and during discovery. The district court was extremely patient with Lawler and gave her numerous opportunities to find Kulik. The district court was well within its discretion to grant ABC's summary judgment motion and deny Lawler's Rule 59(e) motion.

Lawler next claims her counsel provided ineffective assistance. However, a litigant in a civil action has no constitutional or statutory right to effective assistance of

counsel.   Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986).   The appropriate avenue for raising such a claim is a malpractice suit.   Accordingly, we do not consider Lawler's ineffective assistance of counsel claim.

Lawler claimed the district court erred when it granted summary judgment for ABC because ABC did not give her proper notice of her COBRA rights when it discontinued her health care coverage after Lawler and ABC had settled Lawler's prior lawsuits following her termination of employment.   We review de novo a district court's order granting summary judgment.   Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).   Under COBRA, a qualified beneficiary under a group health plan who will lose coverage is entitled to notice of his or her right to elect continuation coverage upon the occurrence of a qualifying event.   29 U.S.C. § 1166(a)(4) (2000).   The loss of health care coverage in these circumstances is not a qualifying event under 29 U.S.C.A. § 1163 (2000), and ABC was under no obligation to notify Lawler of her COBRA rights.   The district court did not err when it found that the settlement agreement was not a qualifying event requiring COBRA notification, and accordingly the court correctly denied relief on Lawler's ERISA claim.

Lawler claimed ABC prevented her from deposing Kulik, and Kulik acted illegally in evading deposition.   Lawler did not make either claim to the district court.   Claims raised for the first

time on appeal will not be considered by this court absent exceptional circumstances. <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993). Lawler did not present exceptional circumstances because none of the evidence upon which she now relies is in the record. A party may not raise a claim on appeal relating to evidence that is not part of the record. <u>United States v. Russell</u>, 971 F.2d 1098, 1112 (4th Cir. 1992).

Lawler also claimed that the district court erred by dismissing contract claims unrelated to Kulik. Lawler did not make any contract claims to the district court that did not involve Kulik. As Lawler did not raise these claims in the district court and provided no facts or argument warranting a finding of exceptional circumstances, we do not consider these claims. <u>Muth</u>, 1 F.3d at 250.

Accordingly, we affirm the district court's orders granting ABC's motion for summary judgment and denying Lawler's Rule 59(e) motion. We also deny ABC's motion to dismiss for failure to prosecute. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>