United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30334
Summary Calendar

LAKYIA SKINNER,

Plaintiff-Appellant,

versus

HARRY LEE; et al.,

Defendants,

HARRY LEE; JAMES WINE; DAVID RODDY; MIKE FERRELL; SCOTT GUILLORY;
UNIDENTIFIED PARTY; JUANITA PAYTON,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:98-CV-1461-L)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lakyia Skinner, Louisiana prisoner number 405902, filed the instant action under 42 U.S.C. § 1983 to seek redress for various alleged acts that occurred in connection with his arrest and while he was a pretrial detainee. Some claims and some defendants were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed prior to trial, one defendant was dismissed during trial, and the jury returned a verdict in favor of the remaining defendants. Skinner appeals, *pro se*, the denial of his Federal Rule of Civil Procedure Rule 59(e) motion to alter or amend the judgment. He also claims he received ineffective assistance of counsel.

Skinner asserts that his Rule 59(e) motion should have been granted to reverse a ruling dismissing defendant Payton. Skinner has not shown an abuse of discretion in the motion's being denied. *See* **S. Constructors Group, Inc. v. Dynalectric Co.**, 2 F.3d 606, 611 (5th Cir. 1993). The evidence at trial showed that Payton did *not* act with deliberate indifference to Skinner's serious medical needs; rather, it showed only that Skinner disagreed with the care he was given, which is insufficient to raise a viable claim under § 1983. **Norton v. Dimazana**, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."); *see also* **Domino v. Tex. Dep't of Criminal Justice**, 239 F.3d 752, 756 (5th Cir. 2001) (noting the "extremely high standard" required to prove deliberate indifference). This contention lacks merit.

Skinner also contends that his appointed counsel rendered ineffective assistance during and after trial. As Skinner concedes, this claim is unavailing; the right to effective assistance of counsel does *not* apply in a civil action. **Sanchez v. U.S. Postal Serv.**, 785 F.2d 1236, 1237 (5th Cir. 1986). To the

2

extent that Skinner requests we overrule this jurisprudence, this request is denied.  *See **United States v. Ruff***, 984 F.2d 635, 640 (5th Cir.), *cert. denied*, 510 U.S. 834 (1993).

**AFFIRMED**

3