**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1840**

RICHARD E. SUTTON,

Plaintiff - Appellant,

versus

CREE, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CA-03-897-1)

Submitted: February 23, 2006      Decided: February 28, 2006

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Sutton, Appellant Pro Se. Kimberly Jo Korando, Zebulon Dyer Anderson, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard E. Sutton appeals from the district court's order granting summary judgment in favor of Cree, Inc. and dismissing his employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (2000), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (2000). Sutton alleges that Cree unlawfully discriminated against him on the basis of his race, age, and gender when he was not promoted to a position as a Production Supervisor in the Crystal Growth Department.

Our review of the record and the district court's opinion discloses that this appeal is without merit. The familiar burden-shifting scheme set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Sutton's claims. We find the district court properly determined that Sutton failed to establish a prima facie case of discrimination because he was not qualified for the position at issue. See Evans v. Technologies Applications & Serv., Co., 80 F.3d 954, 960 (4th Cir. 1996). Specifically, affidavits and supporting documentation established that a minimum requirement for the position at issue was a Bachelor of Science in Engineering or other technical degree, which Sutton did not possess. While Sutton contends he nonetheless was qualified for the position, his perception of himself, without

evidence to support it, is not relevant, <u>Smith v. Flax</u>, 618 F.2d 1062, 1067 (4th Cir. 1980), rather, it is the perception of the decision maker that is relevant to the determination of whether discrimination in the selection process occurred. <u>Evans</u>, 80 F.3d at 960-61. Because Sutton failed to establish a prima facie case of discrimination, we find that the district court did not improvidently grant summary judgment to Cree.[*]

Accordingly, we affirm the district court's order granting Cree's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]Sutton's claim of ineffective assistance of counsel, raised on appeal, does not provide a basis for appellate relief from a civil judgment. <u>See</u> <u>Sanchez v. United States Postal Serv.</u>, 785 F.2d 1236, 1237 (5th Cir. 1986).