**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-50339

KARYN GRACE HENDRICK,

Plaintiff - Appellant,

v.

JAMES JONES,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-274

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After a jury trial and a verdict in favor of the defendant, the magistrate judge, before whom the parties had consented to proceed, entered a judgment dismissing the civil rights complaint of Karyn Grace Hendrick, Texas prisoner #751168. Hendrick was represented by counsel at trial. The magistrate judge denied Hendrick's motions for leave to appeal in forma pauperis (IFP) and for transcripts at government expense because Hendrick failed to allege any meritorious ground for appeal. Hendrick then paid the filing fees so her appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could go forward. This court also denied Hendrick's subsequent motion for transcripts because she was not proceeding IFP. In that motion, Hendrick does not allege any meritorious grounds for appeal or give any reason why a transcript might show a problem with her trial. She simply alleges that she needs a transcript to demonstrate error. Hendrick has now filed an appellate brief, asserting twelve assignments of error. Henrick has not provided this court with a transcript.

In her sixth assignment of error, Hendrick argues that her trial counsel rendered ineffective assistance in violation of the Sixth Amendment. This argument is without merit because the constitutional right to effective assistance of counsel does not apply in a civil case. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).

With respect to the rest of Hendricks' assignments of error, none can be reviewed without a transcript. The failure of an appellant to provide a transcript is a proper ground for dismissal of appeal. *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990). Therefore, the remaining claims are dismissed.

Accordingly, Hendrick's appeal is DISMISSED IN PART and the judgment of the district court is AFFIRMED with respect to her claim of ineffective assistance of counsel.