# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

Lyle W. Cayce
Clerk

No. 09-20768
Summary Calendar

STEPHEN GILBERT,

                                    Plaintiff-Appellant

v.

LORI ANDERSON BERNDT, Detective of Police; STEVEN FRY, Detective of Police; CITY OF BRYAN TEXAS; ST JOSEPH HOSPITAL, DR. JOHN A. MASON, St. Joseph Hospital, DR. CHARLES B. WILLIAMS, St. Joseph Hospital,

                                    Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3986

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stephen Gilbert, Texas prisoner # 1378106, appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 complaint against Detective Lori Anderson Berndt, Detective Stephen Fry, the City of Bryan, Texas, Doctor John Mason, Doctor Charles Williams, and the St. Joseph Regional Health Center. He argues that, in dismissing his claim that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied prompt and proper medical care, the district court erroneously applied Eighth Amendment jurisprudence rather than the standard for claims arising under the Fourteenth Amendment. He contends that the district court wrongly found that Berndt and Fry did not unconstitutionally disregard his need for medication to ameliorate pain related to his gunshot wounds; he argues that Berndt and Fry were aware of his pain, but did not insure that the hospital staff at St. Joseph Regional Health Center promptly administered him pain medication because the detectives wanted to finish questioning him about his role in an armed robbery. He also argues that the district court wrongly granted the defendants summary judgment without first ensuring that his appointed counsel filed a brief that adequately defended his position. This court reviews a grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

Gilbert does not provide adequate argument regarding the district court's finding that the City of Bryan, Texas, Doctor John Mason, Doctor Charles Williams, and the St. Joseph Regional Health Center were entitled to summary judgment. He therefore has abandoned his claims against these defendants. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Gilbert has not established that the district court used the wrong standard of review to evaluate his denial-of-medical-care claims. Gilbert, who was a pretrial detainee at the time of the relevant events, asserted claims that focused on the misconduct of specific individuals rather than a condition of confinement. *See Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009). Accordingly, his claims are properly characterized as involving episodic acts or omissions, and the deliberate indifference standard set forth in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is the measure of culpability. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). The record shows that the district court evaluated Gilbert's denial-of-medical-care claims under the *Farmer*

standard, and he therefore has not shown that the district court used an incorrect standard of review.

The record also shows that the district court correctly found that Gilbert did not establish a constitutional violation with respect to the conduct of Berndt and Fry.  Gilbert specifically failed to demonstrate that Berndt and Fry were deliberately indifferent to his serious medical needs.  *See Farmer*, 511 U.S. at 835-37.  Although Gilbert contends that Fry and Berndt prevented the staff at St. Joseph Regional Health Center from administering pain medication until the detectives finished questioning him, the record supports that the decision whether – and when – to administer pain medication was wholly unrelated to the detectives or their law enforcement concerns; the decision was made by the hospital staff and was premised upon legitimate medical reasons.  Moreover, because the record shows that the detectives were present when hospital staff not only showed awareness of Gilbert's pain but also informed him of their plan for administering pain medication, there is no indication that the detectives exhibited deliberate indifference by not alerting hospital staff about Gilbert's complaints of pain.  The detectives deferred to hospital staff's opinion about when pain medication should be administered and proceeded with their objective of collecting information about the armed robbery in which Gilbert was implicated, i.e., their questioning of Gilbert was not done maliciously for the purpose of delaying the administration of pain medication.  The record also does not support that the detectives understood Gilbert's pain to present a substantial risk of serious medical harm.  *See id.* at 837.  Thus, because Gilbert did not show that Berndt and Fry's conduct amounted to a constitutional violation, the district court did not err in granting them summary judgment based upon qualified immunity.  *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 1896 (2010).

Gilbert's argument that his appointed counsel failed to file a proper response to the defendants' summary judgment motions does not suggest that

the district court's judgment was erroneous. The constitutional right to effective assistance of counsel does not apply in a civil case, *see Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986), and any deficient conduct by counsel, therefore, would not constitute a basis for invalidating the district court's judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.