# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

No. 10-40047
Summary Calendar

Lyle W. Cayce
Clerk

DONALD L. BURLING,

Plaintiff-Appellant

v.

PORSCHE SIMON, Sergeant; UNIDENTIFIED PARTIES, Two Unknown Black
Female Correctional Officers, Stiles Unit; DAVID DOUGHTY; HARLEAN
HOWARD; L. MITCHELL, Officer; LATICIA JONES,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-597

Before JONES, Chief Judge and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Donald L. Burling, Texas prisoner # 1026184, appeals the district court's
summary judgment dismissal of his 42 U.S.C. § 1983 complaint against three
correctional officers and the warden for failure protect him from an assault by
another inmate. The district court dismissed the claims against Defendants
Harlean Howard, Laticia Jones, and David Doughty for failure to exhaust

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40047

administrative remedies and dismissed the claim against Defendant Porsche Simon based on qualified immunity.

Burling contends that the district court erred by dismissing his claims for failure to exhaust administrative remedies because the district court applied the wrong legal standard and his grievances were sufficient to alert prison officials to his claims. Contrary to Burling's contention, the standard set forth in *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004), for assessing the sufficiency of a grievance continues to be applicable following the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 218 (2007). The district court correctly applied this standard when it determined that Burling's grievances were sufficient to alert prison officials that he contended Simon failed to properly conduct the life endangerment investigation but insufficient to alert prison officials that he contended Howard and Jones failed to intervene during the assault and Doughty failed to properly supervise and train his employees. Therefore, the district court's judgment as to these defendants is AFFIRMED.

For the first time on appeal, Burling contends that Simon was not entitled to qualified immunity because she falsely stated that he did not request a housing reassignment and did not actually submit the life endangerment report to the supervising officer until after he was assaulted. This argument is waived, and we decline to consider it. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).

Burling contends alternatively that Simon was not entitled to qualified immunity because she did not order or recommend that he be transferred to a different housing unit. Simon was not authorized to change Burling's housing assignment. However, Burling has raised a genuine issue of material fact regarding whether Simon was deliberately indifferent for failing to recommend that he be transferred.

Simon moved for summary judgment on the basis of her reliance on Burling's statement that he was not in fear for his safety and the assurance of

the inmate who threatened him that he did not intend to harm Burling. In his affidavit, Burling averred that he asked to be transferred and communicated his fear of serious, imminent injury to Simon when she informed him that he was not going to be transferred. For summary judgment purposes, we must accept his version of events as true. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001). In addition, the inmate who threatened Burling made conflicting statements about his intent to harm him. A reasonable jury could thus conclude that Simon's reliance on the inmate's conflicting statements as a basis for not recommending a transfer was unreasonable in light of the threats made against Burling, which were substantiated by a fellow officer; Burling's request to be transferred; and Burling's stated fear of serious, imminent injury. Therefore, there was a genuine issue of material fact whether Simon was on notice of a serious threat of harm to Burling.

However, Simon was "entitled to qualified immunity unless clearly established law showed that . . . [her] response was insufficient." *Johnson*, 385 F.3d at 526. Burling's version of events, which we must accept as true, demonstrates that Simon's failure to take further action in light of the substantial risk of harm to Burling might be viewed as objectively unreasonable under the parameters set forth in *Johnson*. *See id.* at 526-27. Therefore, the district court erroneously granted Simon summary judgment on the basis of qualified immunity, and the judgment is VACATED as to Burling's claim against Simon.

Burling also contends that the district court abused its discretion by denying his requests for discovery prior to ruling on the defendants' motion for summary judgment. Burling's reliance on *Hinojosa v. Johnson*, 277 F. App'x 370, 374-78 (5th Cir. 2008), is misplaced. Burling's speculation that Simon's relationship with the inmate who assaulted him tainted her investigation is raised for the first time on appeal. Even if we considered this argument and its

relevance to the qualified immunity issue, the discovery request Burling made in the district court was not narrowly tailored to this issue. *Cf. id.* at 378.

Finally, Burling contends that appointed counsel was ineffective and requests that we order the district court to appoint different counsel. Assuming that counsel rendered ineffective assistance in connection with the instant proceedings, counsel's deficient performance does not constitute a basis upon which to invalidate the district court's judgment. The constitutional right to effective assistance of counsel does not apply in a civil case. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986). Accordingly, Burling's argument is without merit.

The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.