# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2011

No. 10-40950
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

$1,157,400.18 IN CURRENCY,

Defendant

FABIAN AURIGNAC,

Claimant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CV-67

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pro se claimant Fabian Aurignac, formerly a cardiologist and currently an inmate serving a fifty-seven month sentence for committing health care fraud in violation of 18 U.S.C. § 1347, appeals the district court's denial of his Rule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60(b) motion for relief from a judgment ordering a final order of forfeiture of his interests in the defendant currency. We AFFIRM.

In February 2008, the government filed a civil complaint seeking forfeiture of the defendant currency. It alleged the currency was derived from proceeds traceable to health care fraud. Aurignac was indicted on twelve counts of health care fraud in October 2008 and was arrested in December 2008. On the joint motion of the government and Aurignac, the civil forfeiture action was stayed pending the resolution of the criminal case. On May 8, 2009, Aurignac signed a plea agreement admitting guilt to one count of health care fraud. As part of the plea negotiations, Aurignac and the government filed a joint motion to lift the stay and to enter judgment in favor of the government in the civil forfeiture action, which the district court granted on May 26. In that motion, Aurignac acknowledged that the seizure and forfeiture of the defendant currency were "supported by probable cause and by the laws and the Constitution of the United States" and that he accepted the entry of judgment "as the full and final resolution of the suit and of any and all civil actions, claims, and/or causes of action of any nature whatsoever arising out of or resulting from the seizure of the Defendant Currency."

In August 2009, Aurignac was sentenced in the criminal case to fifty seven months' imprisonment. In May 2010, Aurignac sought post-judgment relief from the district court; the district court liberally construed his pro se motions as both seeking relief under 18 U.S.C. § 983(g) because the forfeiture was constitutionally excessive and as seeking relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court held a hearing which Aurignac attended via teleconference. In a written order, the district court denied Aurignac's motions in full, holding that his motion under § 983(g) was

untimely because final judgment had been entered and that relief was not appropriate under Rule 60(b). Aurignac timely appealed.

Aurignac's briefing to this court recites a series of largely unintelligible grievances that he contends entitle him to relief. Peppered with citations to mostly irrelevant cases, the majority of these ramblings are complaints about his criminal conviction and the allegedly ineffective assistance rendered by the attorney who represented him. The criminal conviction is not subject to review in this appeal from a civil forfeiture order and the "right to effective assistance of counsel does not apply to civil proceedings." *Sanchez v. United States Postal Service*, 785 F.2d 1236, 1237 (5th Cir. 1986). To the limited extent, if any, that Aurignac's briefing addresses the district court's opinion, it amounts to repeated and unsupported accusations that the prosecution committed fraud upon the court and that his staff framed him. We decline to entertain either of these frivolous arguments. For the reasons stated in the district court's order, we AFFIRM.