**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6653**

WILLIAM EUGENE WEBB,

Plaintiff – Appellant,

v.

JOE DRIVER, Warden; MR. MARTINEZ, Acting Warden; MR. ORSOLITS, Assoc. Warden, DR. JORGES VAZQUEZ; DR. HERMAN BRANSON; DR. RICHARD RAMIREZ,

Defendants – Appellees,

and

MR. GREENWALL, Food Service Administrator; MS. DEBRA BRADLEY, Supervisor of Education; HAROLD BOYLES,

Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:07-cv-00062-JPB)

Submitted: January 17, 2013            Decided: January 24, 2013

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Eugene Webb, Appellant Pro Se. Alan McGonigal, Assistant United States Attorney, Wheeling, West Virginia, for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eugene Webb appeals from the jury's verdict for Defendants in his <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) suit, finding that Defendants were not deliberately indifferent to Webb's medical needs regarding his hernia. Webb also appeals various preliminary district court orders. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. <u>Webb v. Driver</u>, No. 3:07-cv-00062-JPB (N.D.W. Va. July 8, 2011; July 29, 2011; Aug. 9, 2011; Jan. 18, 2012). In addition, we briefly consider certain of Webb's appellate claims not addressed in detail by the district court.

Webb challenges the district court's denial of his request for an interlocutory appeal regarding the performance of his appointed attorney. A district court may certify for appeal an order not otherwise appealable should the court find that there is a controlling issue of law on which there is a difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (2006). As an initial matter, Webb provides no authority supporting the conclusion that the denial of a request for an interlocutory appeal is itself an appealable order. Moreover, even if it were, the order at issue does not

satisfy the requirements of § 1292(b). There is no difference of opinion on the question of whether an indigent litigant has a constitutional right to assistance of counsel in a civil suit. See Sanchez v. United States, 785 F.2d 1236, 1237 (8th Cir. 1986). Further, an immediate appeal would likely not have had an effect on the timeline of the litigation, as Webb shows no likelihood that he would have succeeded in an interlocutory appeal. Accordingly, the district court did not err in denying Webb's request for an interlocutory appeal.

Next, Webb challenges the exclusion of certain documents as irrelevant. While the order Webb cites in his informal brief does not provide any reasoning or describe the documents excluded, Webb claims in his informal brief that the district court erred in excluding evidence of his acid reflux disease ("GERD"), as well as his "actual hernia and scars." However, although Webb contends on appeal that his GERD was related to his hernia, he failed to provide any evidence connecting the two conditions in district court. Moreover, regarding his scars, Webb failed to show any medical evidence of permanent damage, rendering his present appearance irrelevant. As such, Webb has failed to show any abuse of discretion by the district court. See United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (providing standard of review).

4

Without citing any specific motions or orders, Webb challenges the district court's failure to investigate his allegations that Defendants were retaliating against him during the pendency of his case. In one of his motions, Webb claimed that prison officials were arranging for prisoners to assault him and that he had been denied postage and legal resources. The district court required the United States Attorney's office to "make the necessary arrangements to provide the pro se plaintiff with sufficient postage and photocopy capabilities."

At trial, Webb complained about his treatment in his then-current Mississippi prison. The district court informed Webb that it had no control over prisons located outside the Northern District of West Virginia. The court noted that it would entertain motions should Webb need additional time or assistance with prosecuting his case but that it would not otherwise get involved. On appeal, Webb presents his claim in a conclusory manner and does not provide any evidence that the conditions of which he complained were orchestrated by the Defendants. Further, he does not aver that Defendants' alleged retaliation prejudiced his case.

We conclude that, even assuming for the sake of argument that the district court was under some sort of duty to investigate, any failure to do so is irrelevant to the issues in this case. Webb is free to bring another suit addressing his

5

mistreatment during the time of the pendency of this case should he believe that such treatment violated his rights. However, absent any allegations that Defendants' actions impacted his instant suit, his assertions of retaliation have no bearing on his appeal.

Finally, Webb challenges the district court's recess of ten days in the middle of the trial, its refusal to question the jury upon their return to ensure that their integrity was not breached, and the court's refusal to permit the jury to have transcripts of Defendant Orsolits' testimony even though the jury requested them. Webb provides no details or cites to the record, he fails to show how the transcripts would have altered the jury's verdict, and he fails to make any showing that the jury was compromised.

Our review of the record shows that the court had to recess the trial based upon another, previously scheduled trial. Moreover, it appears that the court believed the trial would be over in three days, making any recess unnecessary, but that instead Webb took three days to present his case. Our review of the transcript reveals that Webb's pro se case was presented in a lengthy and repetitive manner. In fact, the jury requested that the court put a time limit on closing arguments. In addition, Webb did not object to the recess.

6

Based on our review of the record, the district court's recess of ten days, while not ideal for the presentation of Webb's case, was not intentional and resulted from a lengthier trial than the parties anticipated. Webb's allegations of prejudice are merely speculative, and he provides no specifics as to items or details that would be hard for the jury to remember. Likewise, he proffers nothing to support his assertions that the jury was compromised during the recess. Finally, Webb failed to object to the court's refusal to transcribe Orsolits' testimony, and he makes no specific argument as to how this testimony would have altered the jury's verdict. Given Webb's conclusory arguments and his failure to preserve his claims for appeal, we find that his claims are without merit.

Based on the foregoing, we affirm the judgment of the district court. We deny Webb's motions to compel transcripts as moot and deny his motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED