# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2020

Lyle W. Cayce
Clerk

EDWARD CHRISTIAN BEDFORD,

> Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF TRANSPORTATION,

> Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3231

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Edward Christian Bedford appeals from the district court's grant of summary judgment in favor of the Texas Department of Transportation. He had claimed disparate treatment, hostile work environment, and retaliation. Bedford also challenges the denial of his motion for an extension of the discovery deadline.

We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20228

## FACTUAL AND PROCEDURAL BACKGROUND

Edward Christian Bedford is proceeding *pro se* on appeal, but in the district court he had the assistance of counsel. He is an African American who was employed by Texas Department of Transportation ("TxDOT") as a Ferry Maintenance Technician III at the Galveston Port Bolivar Ferry System from April 15, 2013 until March 12, 2018. Bedford took Family Medical Leave from February 16, 2017 until that leave expired, and he then took leave without pay until October 30. On November 9, Bedford requested a reasonable accommodation for his inability to be exposed to the ferry engine room and bilge. Because an appropriate accommodation or position could not be found, TxDOT terminated Bedford's employment on March 12, 2018.

Before Bedford took leave, he had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2016, alleging discrimination based on his race, color, and national origin, and alleging retaliation. The EEOC gave Bedford a notice of right to sue on July 31, 2017. Bedford then filed his initial complaint in the United States District Court for the Southern District of Texas on October 24, 2017. Bedford filed the operative complaint on December 27, bringing claims against TxDOT for disparate treatment, hostile work environment, and retaliation.

On April 27, 2018, the district court granted TxDOT's unopposed motion for partial dismissal on Bedford's discrimination claims based on acts that occurred before January 16, 2016, because they were time barred. TxDOT later moved for summary judgment on the remainder of Bedford's claims. The district court denied Bedford's motion for an extension of discovery and granted summary judgment. Bedford appealed.

No. 19-20228

DISCUSSION

Arguments in a *pro se* brief are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The emphasis in Bedford's *pro se* brief is the failure of the district court to ensure that thorough discovery was obtained and failures of Bedford's trial counsel in presenting the case. The degree of discovery to be sought is for counsel to determine within his or her professional judgment, and oversights in counsel's discovery pursuit are not for the district court to point out or correct. Bedford also argues that his trial counsel colluded with the defendant. Perhaps indicative of his relationship with counsel is Bedford's assertion that he needed to get the Texas State Bar involved before he was able to have his own files returned for the appeal. To the extent these matters were addressed by the district court, we could consider the possibility of error in how that court resolved them. We are not empowered, though, to consider and remedy various disagreements that arose between a party and his counsel during litigation.

Regarding the possibility of the ineffective assistance of Bedford's counsel, the constitutional right to reasonably effective counsel does not apply in civil proceedings. *Sanchez v. USPS,* 785 F.2d 1236, 1237 (5th Cir. 1986). We cannot grant any relief based on those arguments.

Though those improper arguments seem central in the briefing, Bedford does provide some discussion of the dismissal of his claims of disparate treatment, retaliation, and a hostile work environment. Liberally construed, the brief presents arguments for us to review. Summary judgment in favor of TxDOT was entered on those claims. Our review of that judgment is *de novo*. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). We also address one discovery issue.

3

## I.     *Discovery extension*

The one issue Bedford raises about discovery that is properly before us is his argument that the district court erred in denying an extension of time for its completion.  Bedford sued in October 2017, and the scheduling order provided for a close of discovery in February 2019.  Two weeks before the discovery deadline, TxDOT filed for summary judgment.  The district court denied Bedford's motion for an extension of discovery.  A scheduling order, including one that involves discovery deadlines, may be modified "only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b).  Decisions on such motions are reviewed for abuse of discretion.  *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 469 (5th Cir. 2009).  One justification Bedford offered for the extension was to allow Bedford time to review his work journals and identify TxDOT employees who were treated more favorably than him.  Bedford's work journals, though, were always in Bedford's possession.  TxDOT requested those journals in its own discovery requests, but Bedford failed to produce them.  Further, Bedford's deposition testimony indicated Bedford was not aware of any similarly situated employees treated more favorably.

Based on these facts, there was no abuse of discretion in denying an extension of time for discovery.

## II.     *Discrimination claims*

Bedford's appeal from the summary judgment was timely, though it took a grant of an extension *nunc pro tunc* by the district court.  That brings to us the rulings of the district court, prior to and at final judgment, to the extent Bedford challenges them.  One challenge Bedford does not make is to the dismissal of any claims of discrimination based on defendants' acts prior to January 16, 2016 as time barred.  Thus, we do not have that decision before us for review.  Bedford argues the district court erred in denying him relief under

Rule 60(b). The record, though, contains no Rule 60(b) motion and no district court ruling on such a motion. Of course, then, there is nothing as to Rule 60(b) for us to review.

After the dismissal of claims based on the earliest events in his TxDOT employment, what was left were Bedford's grievances about being "marginalized," criticized for "his tardiness and attendance," refused time off to take a certification exam, and "written-up" for refusing to leave his post. Again, using liberal construction, we consider Bedford's brief to have sufficiently challenged the merits of the district court's dismissal of his claims. We conclude that the best way for us to proceed is to discuss what was needed under each claim and then analyze the dismissal of each.

To survive summary judgment on a Title VII disparate treatment claim, the plaintiff must first establish a *prima facie* case of discrimination by showing "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably" than similarly situated employees under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). It is undisputed that Bedford, an African American, is a member of a protected class. The district court held, however, that none of the four allegations we just identified "constitute adverse employment actions." It is true that TxDOT terminated Bedford's employment. Nevertheless, Bedford's EEOC charge of discrimination and his operative complaint contained no allegation of discriminatory termination. In fact, Bedford filed his EEOC charge, received his notice of right to sue, and filed his operative complaint before his employment was terminated. No allegation of improper termination was before the district court.

A claim of hostile work environment under Title VII requires that a plaintiff prove

No. 19-20228

(1) [he] belongs to a protected group; (2) [he] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002). The district court granted judgment on this claim because Bedford failed to provide record evidence for the claim or adequate argument. That was not error.

Next, to prevail on a Title VII retaliation claim, a plaintiff must show that (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse action. *Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005). The district court held that Bedford abandoned his retaliation claim because Bedford failed to respond to TxDOT's motion for summary judgment on the claim. We see no error in that conclusion.

AFFIRMED.