# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2023

Lyle W. Cayce
Clerk

No. 22-10294
Summary Calendar

_____

Chance Marcus Clyce, and *on behalf of all those similarly situated*,

*Plaintiff—Appellant*,

*versus*

Frederick Farley, *Investigator and Supervisor for Hunt County Juvenile Detention Center, individually and in his official capacity*; Kenneth Wright, *individually and in his official capacity*; Shanigia Williams, *individually and in her official capacity*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-793

_____

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Chance Marcus Clyce, proceeding *pro se* on appeal, filed an amended complaint claiming that defendants, all of whom were employees at a juvenile detention center where Clyce was held in 2008, violated his constitutional

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rights.    Clyce's claims against Frederick Farley were dismissed with prejudice under Federal Rule of Civil Procedure 25(a)(1) (requiring dismissal of claims against deceased party if no motion to substitute timely filed). Defendants Kenneth Wright and Shanigia Williams were granted summary judgment on qualified-immunity grounds.

Clyce's brief in this court essentially recounts his version of the facts giving rise to his complaint, providing only one citation.  Although *pro se* briefs are construed liberally, issues must be briefed to preserve them.  *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Clyce fails to address the district court's concluding that Wright and Williams were entitled to qualified immunity and that his claims against Farley were subject to dismissal with prejudice under Rule 25(a)(1).  Therefore, he has abandoned any challenge to those rulings. *E.g.*, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [appellant] has failed to assert."); *see also* Fed. R. App. P. 28(a)(8) (appellant's brief must contain his contentions and citations to authority).

To the extent he contends the court improperly viewed the facts and drew inferences in favor of defendants, *see Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (court must resolve disputed issues in favor of non-movant), those contentions are unsupported by the record. *See Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020) (no error where non-movant "did not offer any competent evidence of her own alleged facts").  Nor does the record support Clyce's assertion that the district court perfunctorily dismissed his case as frivolous at the first opportunity to do so.  Finally, we need not review Clyce's claim that his former attorney rendered ineffective assistance. *E.g.*,

No. 22-10294

*Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) ("right to effective assistance of counsel does not apply to civil proceedings").

AFFIRMED.