# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

———————

No. 23-50570

———————

CHARLTON REED TIPTON,

*Plaintiff—Appellant*,

*versus*

ERIC GUERRERO, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; LARISSA WYSOCKI, *Assistant Warden, Connally Unit*; AMANDA ACOUSTA, *Sergeant of Correctional Officers*; CYNTHIA CONTRERAS, *Sergeant of Correctional Officers*; A. WRONA, *Sergeant of Correctional Officers*; RUTH TRICE, *Captain of Correctional Officers*; LOBRAINE SALAS, *Grievance Investigator*; V. GARCIA, *Grievance Investigator*; RUSSELL BRILEY, *Chaplain*; PHONSO RAYFORD, *Senior Warden*; CHRISTOPHER PAULEY, *Captain of Correctional Officers, McConnell Unit*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-60

———————————————————

Before SMITH, CLEMENT, and DUNCAN, *Circuit Judges*.

No. 23-50570

Per Curiam:[*]

Proceeding *pro se* and *in forma pauperis*, Charlton Tipton, Texas prisoner #01306505, appeals the judgment in his 42 U.S.C. § 1983 civil rights action. Tipton alleged that the Texas Department of Criminal Justice's grooming policy violated his rights under the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as the policy prohibited him from growing his hair long in accordance with his American Indian religious beliefs.

Tipton's constitutional claims were dismissed for failure to state plausible claims for relief. His RLUIPA claim was dismissed on mootness grounds following the modification of the grooming policy.

On appeal, Tipton maintains that the judgment is void based on his appointed counsel's ineffective representation. But the Sixth Amendment "right to effective assistance of counsel does not apply to civil litigation." *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986). Thus, any deficient conduct by counsel does not constitute a basis for invalidating the judgment. *See id.*

As Tipton has failed to identify any error in the district court's analysis, he has abandoned any challenge regarding the dismissal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the judgment is AFFIRMED, and Tipton's motion for appointment of counsel is DENIED. *See Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.