**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1846**

RHAE JOHNSON,

             Plaintiff - Appellant,

      v.

THE SUNSHINE HOUSE, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:11-cv-00511-MOC-DCK)

Submitted:  October 30, 2013        Decided:  November 8, 2013

Before NIEMEYER, DAVIS, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rhae Johnson, Appellant Pro Se.  Frederick M. Thurman, Jr., SHUMAKER LOOP & KENDRICK, LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhae Johnson appeals from the district court's entry of judgment for Defendant in accordance with the jury's verdict. Johnson brought suit alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012), and 42 U.S.C. § 1981 (2006). On appeal, Johnson claims that the judgment should be reversed because: there was discrimination in the selection of the jury; the district court erred in excluding certain evidence and in admitting other evidence; the evidence is insufficient to support the jury's verdict; the district court erred in instructing the jury, allocating burdens of proof, and referring to evidence; a juror slept during the trial; and the jury failed to explain its verdict. We affirm.

An appellant has the burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b); 4th Cir. R. 10(c)(1). Although Johnson provided transcripts of some portions of the trial proceedings, she has not provided transcripts of relevant portions of the proceedings supporting her claims of discrimination in the jury selection and error in the district court's exclusion and admission of evidence. Johnson also fails to establish a basis to have the transcripts prepared at government expense. 28 U.S.C.A. § 753(f) (West 2006

2

& Supp. 2013). By failing to produce relevant transcripts or qualify for the production of the transcripts at government expense, Johnson has waived review of these issues. Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992) (per curiam), abrog'n on other grounds recog'd by Diaz v. Collins, 114 F.3d 69, 72 (5th Cir. 1997); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987).

Turning to Johnson's challenge to the sufficiency of the evidence supporting the jury's verdict, we note that Johnson never filed a post-verdict motion under Fed. R. Civ. P. 50(b) in the district court. As a result, we are foreclosed from considering her challenge to the sufficiency of the evidence. Ortiz v. Jordan, 131 S. Ct. 884, 892 (2011); Belk, Inc. v. Meyer Corp., 679 F.3d 146, 155-56 (4th Cir. 2012); A Helping Hand, LLC v. Baltimore Cnty., 515 F.3d 356, 369-70 (4th Cir. 2008).

Next, although Johnson claims that the district court erred in instructing the jury, allocating burdens of proof, and referring to evidence, she makes these claims in largely conclusory fashion, without explanations as to how the court erred or why the court's errors warrant reversal of the judgment.[*] Accordingly, we deem these issues abandoned. See 4th

---

[*] With respect to Johnson's claim that the district court erred in failing to make a particular issue of law "clear" to
(Continued)

Cir. R. 34(b) (directing appealing parties to present specific arguments in an informal brief and stating that this court's review on appeal is limited to the issues raised in the informal brief); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009) (limiting appellate review to arguments raised in the brief in accordance with Fed. R. App. P. 28(a)(9)(A)); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004) (noting that appellate assertions not supported by argument are deemed abandoned).

We also reject as wholly without merit Johnson's claims that the judgment should be reversed because the jury failed to explain its verdict and because a juror slept during portions of the trial. Further, insofar as Johnson is challenging the effectiveness of her trial counsel based on counsel's failure to move to substitute the sleeping juror and for a mistrial in light of the sleeping, claims of ineffective assistance by counsel in a civil action are not sufficient to raise a valid claim for relief on appeal and entitle Johnson to no relief. Stanciel v. Gramley, 267 F.3d 575, 581 (7th Cir. 2001); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988);

---

the jury, we reject this claim as without merit because Johnson misstates the relevant law.

<u>Sanchez v. U.S. Postal Serv.</u>, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam).

Johnson fails to establish any basis for overturning the district court's judgment. Accordingly, we affirm the judgment and deny as moot Johnson's motion to suspend disposition of the appeal pending filing of the transcript. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>