# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30808

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2017

Lyle W. Cayce
Clerk

JEFFERY JEROME FUSSELL,

Plaintiff-Appellant

v.

DARRELL VANNOY, Deputy Warden of Security,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-571

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeffery Jerome Fussell, Louisiana prisoner # 103973, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's order granting summary judgment in favor of the defendant and dismissing his civil rights complaint. By seeking leave to proceed IFP in this court, Fussell is challenging the district court's certification that this appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30808

As his sole issue on appeal, Fussell argues that the district court's grant of summary judgment should be reversed because his court appointed attorneys were ineffective in presenting his claim that Vannoy had violated his Eighth Amendment right to be free from cruel and unusual punishment by keeping him in extended lockdown since he was placed there in 1989. However, there is no constitutional right to an attorney in a civil rights case. *Sanchez v. United States Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986). Any deficient conduct by Fussell's attorneys does not constitute a basis for invalidating the district court's judgment. *See id.*

Fussell has not shown that he will raise a legal point on appeal that is arguable on its merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). At the time Fussell filed the instant notice of appeal and motion for leave to proceed IFP on appeal, he had accumulated at least two strikes based on dismissals as frivolous of previously filed interlocutory appeals in civil rights cases. *See Fussell v. Stalder*, No. 95-30840, 1996 WL 101560, at *1 (5th Cir. Feb. 29, 1996) (unpublished); *Fussell v. Stalder*, No. 95-30942, 1996 WL 101564, at *1 (5th Cir. Feb. 29, 1996) (unpublished). Because Fussell now has accumulated at least three strikes for purposes of § 1915(g) he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.