# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2018

Lyle W. Cayce
Clerk

JEFFREY TODD,

Plaintiff−Appellant,

versus

CORRECTIONAL OFFICER REGINALD D. HAWKINS;
CORRECTIONAL OFFICER JEFFERY W. CRAIGHEAD;
CORRECTIONAL OFFICER ANTHONY V. MARRERO,

Defendants−Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 6:16-CV-288

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Jeffrey Todd, former Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51015

prisoner #1803650, appeals the judgment in his 42 U.S.C. § 1983 civil rights action.  After a two-day trial, the jury found that excessive force was not used against Todd, and the district court entered judgment in favor of the defendants, ordering that Todd take nothing.  The court also denied Todd's post-judgment motion for a new trial, but neither Todd's notice of appeal nor his appellate brief evinces an intent to appeal that order.  *See* FED. R. APP. P. 3(c)(1)(B); *Lockett v. Anderson*, 230 F.3d 695, 699−700 (5th Cir. 2000).

Todd challenges the verdict primarily on the basis that his trial counsel allegedly rendered ineffective assistance.  But because the Sixth Amendment "right to effective assistance of counsel does not apply to civil litigation," *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986), any deficient conduct by Todd's attorney does not constitute a basis for invalidating the judgment, *see id*.

Additionally, Todd has not provided a trial transcript and has stated that a transcript is unnecessary for appeal purposes.  Thus, to the extent that Todd seeks to challenge the sufficiency of the evidence, we cannot review the evidence supporting the verdict without the transcript.  *See RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995) (citing *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal based on sufficiency of the evidence because appellant failed to include a transcript)), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016).

For these reasons, we decline to review the verdict.  The judgment is AFFIRMED.  Todd's motions for appointment of counsel and oral argument are DENIED.