# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-20379
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2024

Lyle W. Cayce
Clerk

Aisha Wright,

*Plaintiff—Appellant*,

*versus*

Transportation Communication Union/IAM,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3174

———————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Aisha Wright, proceeding *pro se*, appeals the district court's judgment dismissing her claims with prejudice as barred by res judicata. The district court determined that the four elements of res judicata were met because (1) the parties in this case and in a prior action are the same; (2) the judgment in the prior action was rendered by a court of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (setting forth the four elements for establishing res judicata). Plaintiff does not argue that the district court applied an incorrect standard or that the district court erred in determining that the standard was met.[1]

Although we liberally construe *pro se* briefs, *pro se* parties must still brief the issues in order to preserve them for appellate consideration. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because Plaintiff fails to identify any error in the district court's judgment applying the standard for res judicata to the facts of this case, it "is the same as if [s]he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Based on the foregoing, the judgment of the district court is AFFIRMED.

---

[1] She instead argues that the prior action was erroneously dismissed due to ineffective assistance of counsel. To the extent that her argument can be construed as a challenge to the district court's finding that a final judgment "on the merits" was issued in the prior action, Plaintiff's argument is without merit. In a civil case, there is no constitutional right to effective assistance of counsel. *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).